(22 App. Div. 460.)

DOWNEY v. LOW.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. NEGLIGENCE—INDEPENDENT CONTRACTOR.
   Although in general the owner of property is not liable for the negligent acts of an independent contractor with whom he has an agreement for the performance or prosecution of work, yet even in such a case, if the work itself creates the danger, the ultimate superior or proprietor is liable to persons injured by a failure to properly guard or protect the work.

2. SAME—DEFECTS IN SIDEWALK.
   Where the right to construct and maintain a coal chute in a sidewalk is derived solely through a license from the local authorities, which by its terms is subject to a condition that the chute shall be properly guarded and protected, the licensee is liable for injuries due to failure to guard or secure the chute, though it was left open by the servants of an independent contractor.

3. SAME—CONTRIBUTORY NEGLIGENCE.
   At the trial of an action to recover damages for injuries sustained by plaintiff in falling down an open coal chute in a sidewalk, the judge refused to charge, at defendant's request, "that if plaintiff, by the use of ordinary care at the time of his moving by, could have observed this opening, * * * his failure to do so was negligence." *Held* no error.

Appeal from trial term.

Action by Nicholas Downey, an infant, by James Downey, his guardian ad litem, against Abbott A. Low. From a judgment in favor of

plaintiff, entered on a verdict of a jury, and from an order denying a new trial, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edwin A. Jones and Herbert C. Smyth, for appellant.
Edward J. McCrossin, for respondent.

CULLEN, J.    This action was brought to recover damages for personal injuries sustained by the respondent in falling down an open coal chute, in the sidewalk, in front of premises owned and occupied by the defendant.    That the defendant maintained this coal chute, and that it was used in connection with his premises, is conceded. The defendant, however, claims exemption from liability for the accident, on the ground that the chute was left open and unguarded, not by his servants or employés, but by the servants of an independent contractor, with whom he had a contract for the removal of the ashes from his building for a specified yearly sum.    If it be assumed that the evidence conclusively established that the chute was opened and left unguarded by the contractor, we do not think that that fact would relieve the defendant from liability. . The general rule is that the owner of property is not liable for the negligent acts of an independent contractor with whom he has an agreement for the performance or prosecution of work.    But to this rule there is an exception.    If the work itself creates the danger or injury, then the ultimate superior or proprietor is liable to persons injured by a failure to properly guard or protect the work, even though the work is intrusted to an independent contractor.    Storrs v. City of Utica, 17 N. Y. 104; Creed v. Hartman, 29 N. Y. 591; Vogel v. Mayor, etc., 92 N. Y. 10; Water Co. v. Ware, 16 Wall. 566.    Nor does the fact that the defendant had the permission or license of the authorities to construct the coal chute take the case without the excepted class.    The license obtained from the authorities was qualified.    It was to build and maintain the chute, but subject to the condition that the chute should be properly guarded and protected.    Without this license, the invasion of the highway would have been illegal, and a nuisance per se.    By the license the defendant acquired a special privilege, but by the acceptance of the privilege there was imposed a duty and a burden.    The privilege was to construct the chute.    The duty was to maintain the chute safe and properly guarded.    The defendant could not exercise the privilege without discharging the duty.    The two at all times were co-existent; and the defendant could not absolve himself from liability by delegating the duty to another.    This is the doctrine enunciated by Judge Comstock in Storrs v. City of Utica, supra.

In Creed v. Hartman, supra, it was not shown that the excavation was authorized by the city authorities.    The point was not therefore directly involved.    But Judge Selden there said:

"It may be safely assumed that an individual making an excavation in a street for his own benefit, with the consent of a municipal corporation, could not claim an immunity which the corporation itself would not possess if it were doing the same work for the benefit of the public [i. e. an exemption from liability for improperly guarding the excavation].    *    *    *    It was upon this ground that the judgment was sustained at the general term in the superior court; and,

if it were necessary to decide the question, I should be prepared to concur in that view."

In Water Co. v. Ware, supra, Judge Clifford said:

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but, where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party."

In Woodman v. Railroad Co., 149 Mass. 335, 21 N. E. 482, the defendant, a railroad corporation, had been authorized to lay a new track in a city street. A contractor to whom had been committed the work, while prosecuting it, left the street in a dangerous condition. The railroad company was held liable. It was there held:

"If the performance of a lawful contract necessarily will bring wrongful consequences to pass unless guarded against, and if, as in the present case, the contract cannot be performed except under the right of the employer, who retains the right of access to the premises, the law may require the employer at his peril to see that due care is used to prevent harm, whatever the nature of his contract with those whom he employs. Laying the track for the defendant necessitated the digging up of the highway, and the obstruction of it with earth and materials. This obstruction would be a nuisance, unless properly guarded against. The work was done under a permit issued to the defendant. * * * We are of opinion that the defendant, having caused the highway to be obstructed, was bound at its peril to see that a nuisance was not created."

In the present case the right to open the coal chute was solely derived through the license or permission given by the local authorities to the plaintiff. Therefore for any failure to properly guard or secure the coal chute the defendant was liable, while for other negligent acts of the contractor during the work he might not have been liable.

It is claimed that the trial court erred in refusing to charge, at defendant's request, "that if the plaintiff, by the use of ordinary care at the time of his moving by, could have observed this opening in the sidewalk, that his failure to do so was negligence on his part, which prevents his recovering in this action." The complaint founding this action on negligence, the contributory negligence of the plaintiff would be a bar to his recovery. Kelly v. Doody, 116 N. Y. 575, 22 N. E. 1084. We are of the opinion, however, that this request did not correctly state the law on the subject. I doubt very much whether the proposition that if the plaintiff, by the exercise of ordinary care, could have avoided the injury, it would constitute contributory negligence, and preclude a recovery, is justified in cases where no duty of affirmative vigilance rests upon him. In the case of a party crossing a railroad track, the duty of affirmative vigilance and the active use of his senses to discover the presence of an approaching train rests upon him; but in the present case the plaintiff was not bound to anticipate the presence of an unguarded hole in the highway. He had the right to act on the assumption that the highway was safe. We have said, in the case of Strutt v. Railroad Co., 18 App. Div. 134, 45 N. Y. Supp. 728, that in few, if any, places, could the traveler proceed heedless of the surroundings, and that even on the highway he must expect that it may be lawfully obstructed with certain objects or for certain pur-

48 N.Y.S.—14

poses. This statement we do not wish to limit or retract; but the defect in the highway which caused the injury to the plaintiff in this case was of the very kind which the plaintiff had no reason to expect, and, on the contrary, was justified in assuming did not exist. In such case, if the form of the plaintiff's request to charge were otherwise unobjectionable, the proposition should have been, not if the plaintiff could have observed the opening, but if he ought or should have observed it. The defendant's request, however, was further and more seriously defective, in that it required the court to instruct the jury that, if the plaintiff could have observed the opening, he could not recover. If the plaintiff had discovered the opening, it did not deprive him of the right to use the highway.

Since the foregoing was written, our attention has been called to the case of Weber v. Railway Co., 20 App. Div. 292, 47 N. Y. Supp. 7. In the opinion there delivered by Justice Green, there is an elaborate and exhaustive examination of the question first here discussed,—the claim that the defendant is absolved from liability because the work was done by an independent contractor. In the opinion of Justice Green we entirely concur.

The judgment and order appealed from should be affirmed, with costs. All concur, except GOODRICH, P. J., who concurs in the result.