KATHERINE NEUMEISTER, as Administratrix, etc., of HENRY
NEUMEISTER, Deceased, Appellant, *v.* GEORGE W. EGGERS,
Respondent.

*Negligence — fall of a brick from a building under construction upon a watchman
who knew of the danger — active vigilance required of him.*

In an action brought to recover for the death of the plaintiff's intestate, a watch-
man (employed in a building under construction for the defendant by an inde-
pendent contractor), who, while on his way to the building for the purpose of
going to work, was killed by a brick which either fell or was thrown from one
of the upper stories upon him, it appeared that the plaintiff's intestate knew of
the condition of the building, and that bricks not only were liable to but
actually had fallen from the building to the sidewalk at or near the very place
where he was injured, and had only a few minutes before he was injured warned
a passer-by of the danger of attempting to pass on the sidewalk at that point.

*Held,* that it was necessary for the plaintiff to prove active vigilance on the part
of the deceased or facts from which the jury could find that he had, at least,
exercised more than ordinary care for his protection.

APPEAL by the plaintiff, Katherine Neumeister, as administratrix,
etc., of Henry Neumeister, deceased, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of New York on the 4th day of Novem-

ber, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*James M. Gifford,* for the appellant.

*Thomas C. Ennever,* for the respondent.

McLAUGHLIN, J. :

Henry Neumeister, plaintiff's intestate, while passing along a public sidewalk in the city of New York, was fatally injured by a brick which either fell or was thrown from one of the upper stories of defendant's building then in process of erection. This action was instituted to recover damages sustained by the widow and next of kin on account of his death, which was alleged to have been caused by the negligence of the defendant. At the beginning of the trial it was admitted that an independent contractor had the entire charge of the construction of the building referred to, and employed and controlled all the workmen engaged thereon, and that the intestate was employed therein by defendant as a watchman from five o'clock in the evening until seven in the morning.

On the day in question, a few minutes before five o'clock in the afternoon, and while the intestate was on his way to the building for the purpose of going to work, he received the injury above referred to, from which he died the following day. At the close of the plaintiff's case a motion was made to dismiss the complaint upon the ground that the plaintiff had failed to establish that the injuries complained of were due to any fault or negligence on the part of the defendant. The motion was granted and an exception taken by the plaintiff.

We think that the trial court was right. The owner of real estate is not liable for the negligent act of a competent independent contractor whom he has engaged to perform work thereon, unless the work contracted to be done be unlawful, or in and of itself a natural or inherent source of danger. This rule is succinctly stated in the case of *Water Co.* v. *Ware* (16 Wall. [U. S.] 566), quoted with approval in *Downey* v. *Low* (22 App. Div. 462), as follows : " Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is

that the employer is not liable ; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts *is equally liable* to the injured party," and to the same effect is the recent case of *Wolf* v. *American Tract Society* (25 App. Div. 98).

Applying the principle of law thus alluded to to the facts disclosed by the record before us, it at once becomes apparent that the defendant was not legally responsible for the injuries sustained by the plaintiff's intestate. Under the admission above referred to, if the brick fell by reason of the negligence of any one it was the negligence of the contractor or his workmen and not that of the defendant; and its fall was not the result of any act which the contractor had agreed, or was authorized by the defendant, to do.

It is, however, urged that the defendant was liable because a duty rested upon him to see to it that there was a covering over the sidewalk or some barrier placed thereon to protect travelers from injury, or at least to warn them of a possible danger there to be encountered if they attempted to pass. It is unnecessary to consider at length this suggestion for the reason that the deceased had full knowledge of the situation. He was a watchman engaged in and about the building. He knew its condition. He knew what the workmen engaged thereon were doing, and he also knew that bricks not only were liable to, but actually had fallen from the building to the sidewalk at or near the very place where he was injured. Indeed, on the day, and only a few minutes before he was injured, he warned a traveler of the danger of attempting to pass on the sidewalk at that point. Having this knowledge and appreciating the danger likely to be encountered, it was incumbent upon the plaintiff to prove active vigilance on the part of the deceased, or facts from which the jury could find that he at least exercised more than ordinary care for his own protection. This she failed to do.

The case was correctly disposed of by the trial court, and the judgment must be affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and Ingraham, JJ., concurred.

Judgment affirmed, with costs.