## MURPHY v. PERLSTEIN.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. NEGLIGENCE—EXCAVATIONS ADJACENT TO HIGHWAY—CONTRIBUTORY NEGLI-
GENCE—QUESTION FOR JURY.

Defendant, in building, had made a deep excavation next to the line of the street. The opposite sidewalk had been torn up, and the ground opposite the same was rough and uneven. At the time of plaintiff's injury, the walk in front of the premises was covered with slush and water, the depth of which could not be determined by the eye. Immediately adjacent to the excavation was a strip about a foot wide, which was above the slush and water, and plaintiff attempted to make the passage thereon, and fell and was injured. She might have used the sidewalk across the street, but the other was nearer. *Held* not contributory negligence as matter of law.

2. SAME—INDEPENDENT CONTRACTORS—LIABILITY OF OWNER.

An owner of land is liable for the negligence of an independent contractor in failing to properly guard an excavation adjacent to a public highway.

3. INFANTS—WHEN SUI JURIS.

An infant 14 years old was sui juris, and chargeable with contributory negligence.

Appeal from trial term, New York county.

Action by Mary Murphy, an infant, by William Murphy, her guardian ad litem, against Louis Perlstein. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Edward W. S. Johnston, for appellant.

Edward J. Dunphy, for respondent.

HATCH, J. By this action the plaintiff seeks to recover damages for injuries which it is alleged she sustained on account of the negligence of the defendant in causing an excavation to remain open and unguarded immediately adjacent to the sidewalk upon a public street. It appeared from the evidence in the case that the defendant was the owner of certain premises situate at the corner of Oak and Oliver streets in the borough of Manhattan, in the city of New York, and for the purpose of building thereon had caused to be made a deep excavation next to the line of the street, and had left it in an unsafe and unguarded condition, constituting the same dangerous to the traveling public; that without fault or negligence upon the part of. the plaintiff, and by reason of the unguarded state of the excavation, she slipped upon the walk, fell into the same, and received serious injuries. The plaintiff at the time of the accident was an infant 14 years of age, was living with her parents on the opposite side of the street from the place of the excavation, and on the day in question had been attending school, had come home at noon for lunch, and was returning to school when she met with the accident. It appeared that the sidewalk opposite the excavation had been torn up while the building was in process of construction, and the ground opposite the same was rough and uneven. Prior to the day in question it had snowed,

then thawed, and at the time of the accident the walk in front of the premises was covered with slush and water, the depth of which could not be determined by the eye. Immediately adjacent to the excavation was a strip about a foot wide, which was above the slush and water, and the plaintiff attempted to make passage thereon. It was somewhat rough with little mounds, and in passing over it she slipped, and, the excavation being unguarded, fell therein. The plaintiff could have proceeded upon the sidewalk along the opposite side of the street without danger, but the route which carried her past these premises was the nearest route to the school, which was the reason why she went that way. It is not necessary that we set out the evidence in detail, nor is it necessary for the proper disposition of the case, so far as the present appeal is concerned. It is sufficient now to say that an obligation rested upon the defendant, when he made or caused to be made the excavation in question, to take proper precautions in protecting persons traveling upon the street, and to guard the excavation in such manner as to reasonably insure the safety of pedestrians having occasion to make use of the walk. The evidence was sufficient from which we think the jury were authorized to find that the duty which rested upon the defendant in this regard was not properly performed, and therefore predicates negligence thereon. Nor do we think that it was contributory negligence, as matter of law, for the plaintiff to attempt passage along the street. Its dangerous condition was not so apparent as to authorize the court to say that it was negligence for a person to pass over it; on the contrary, the jury were authorized to find that a person exercising reasonable care might pass over this place with safety. Consequently the plaintiff could not be charged as matter of law with contributory negligence in making use of this walk under its existing conditions. The questions of negligence and of contributory negligence, therefore, became proper questions to be submitted to the jury for their determination, and no error could be predicated thereon.

The defendant claims, however, that he was not responsible for the excavation, nor chargeable with the duty of seeing that a proper guard and railing was placed about it. It is well-settled law that an owner of land who makes an excavation thereon adjacent to the highway, or so near to it as to make the highway unsafe or dangerous, will be liable to a pedestrian who makes use of the highway exercising ordinary care, if he falls into the excavation and is injured. Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175. It is the contention of the defendant, however, that he is relieved from such liability in the present case, for the reason that he entered into a contract with another person to make the excavation and fully complete the same, and that at the time when the accident occurred such contractor was prosecuting the work, and had full control of the same; that the defendant had no authority to interfere with the method and manner in which the work was being carried on, and had no control over the same; that such contractor was in all respects a competent and fit person to perform the work; and that, if there was failure to properly guard the excavation, it

was the act of the independent contractor, for which the defendant was not liable. It is the general rule that the owner of property is not liable for the negligent acts of an independent contractor with whom the owner has contracted for the performance of the work, and to whom has been intrusted the method and manner of its performance. Neumeister v. Eggers, 29 App. Div. 385, 51 N. Y. Supp. 481; Roemer v. Striker, 142 N. Y. 134, 36 N. E. 808. To this rule, however, there is a distinct and well-grounded exception. If the character of the work creates the danger or injury, then the owner of the property who made the contract remains liable to persons who are injured by a failure to properly guard or protect the work, even though the same in its entirety is intrusted to a competent independent contractor. Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207; Weber v. Railway Co., 20 App. Div. 292, 47 N. Y. Supp. 7. In the present case it was the work itself—i. e., the excavation—which produced the injury. The case therefore falls clearly within the exception, and the defendant remains liable for any act of negligence of the contractor in failing to properly protect the work. No error was, therefore, committed by the court in excluding the contracts which were offered in evidence. In addition to this, in the present case there was evidence that the defendant had a superintendent upon the work, who gave directions concerning the same; and he also employed a watchman to see that the excavation was properly protected. Upon this testimony the counsel for the defendant asked the court to charge the jury that the defendant did place around the cellar way boards on barrels, and had employed a watchman to see that the barrels and boards were kept in their place around the excavation, and he asked the court to charge that, if they were removed therefrom, after being properly placed in position, without the knowledge of the watchman, and without the lapse of sufficient time to charge him with such knowledge, that the defendant would not be liable for injuries to any person who slipped and fell into the excavation. It is, therefore, evident that the defendant recognized that he might be made liable for the supervision which he exercised about guarding the excavation. If, therefore, the contract was admissible in evidence, and might have relieved the defendant, it was still competent upon the testimony for the jury to find that the personal act of the defendant caused the accident. Undoubtedly, under such circumstances, if that was the rule to be applied, the defendant would have become entitled to have the contract considered; but, as we have already observed, such is not the law applicable to the facts of this case. We therefore find no obstacle in sustaining this judgment based upon these considerations.

We think, however, that a fatal error was committed in the charge of the learned trial court in submitting this case to the jury. The plaintiff was 14 years of age; consequently, as bearing upon the question of contributory negligence, she became entitled to have her acts considered having reference to her age and the degree of care reasonably expected to be exercised by an infant of her years. It is perfectly evident, however, that she was sui juris, and could, there-

fore, be charged with contributory negligence. Stone v. Railroad Co., 115 N. Y. 104, 21 N. E. 712; Weiss v. Railway Co., 33 App. Div. 221, 53 N. Y. Supp. 449, affirmed on appeal 165 N. Y. 665, 59 N. E. 1132. By virtue of the provisions of section 19 of the Penal Code she is presumed to be capable of committing crime without proof showing her mental capacity. It is therefore evident that the court was required to charge the jury, if requested, that she was sui juris, and responsible as such for her negligent acts. The court was so requested to charge, but refused, leaving it to the jury to determine whether the plaintiff was competent to be upon the street unattended by some person to guard her steps. The body of the charge made no mention of this subject, but upon the request of the plaintiff's counsel the court did charge that she was only required to exercise "the ordinary care expected to be exercised under similar circumstances by a child of her years and knowledge." Having so charged, the defendant became clearly entitled to have the court charge that she was sui juris, and therefore negligence could be predicated of her acts measured by such fact. This was refused, and the jury were left to speculate upon such subject. We think this constituted error.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

O'BRIEN, McLAUGHLIN, and LAUGHLIN, JJ., concur.

INGRAHAM, J. I concur in the reversal of this judgment upon the ground that on the evidence the plaintiff was guilty of contributory negligence voluntarily placing herself in a position of danger, by which she assumed the risk incident to that situation. There is no question but that the plaintiff was sui juris, and the defendant was entitled to have the court charge that proposition. She was, therefore, bound to exercise the care of an ordinarily prudent person in walking along the sidewalk, and, if the injury resulted from a risk knowingly and voluntarily assumed by her, she cannot recover. The defendant was erecting a building upon his premises, and had the legal right to excavate a cellar. He was also building a new sidewalk in front of his premises, and to accomplish that he had to remove the old sidewalk. While the premises were in this condition, in broad daylight, with the situation apparent to the plaintiff, instead of crossing on the other side of the street, where the sidewalk was in order, she selected this sidewalk in course of construction, and, to avoid wetting her feet, walked on a strip about a foot wide, which was immediately adjoining the excavation, and in walking over this strip she slipped and fell. It is not claimed that the plaintiff was not entirely familiar with the situation, or that she did not know that the excavation had been made, but she deliberately selected this place of danger in preference to the other sidewalk, or the middle of this sidewalk, where she would have been safe. To say that an accident under these conditions was the result of the negligence of the defendant seems to me to contradict all of the conceded facts. The accident

really happened because of the plaintiff's voluntarily placing herself in a place of danger which was perfectly apparent to her, and not through any negligence of the defendant.