(76 App. Div. 10.)

### SCHUBKEGEL v. BUTLER.

(Supreme Court, Appellate Division, First Department. November 14, 1902.)

1. SIDEWALK—COAL HOLES—PETITION—MUNICIPAL CONSENT—PRESUMPTION.

   In an action against the owner of certain premises by one injured by falling down an open coal hole in the sidewalk, plaintiff did not allege that the coal hole was maintained without the consent of the municipal authorities. It was proven that it had been there for three years prior to the accident. *Held*, that it would be presumed that such consent had been given.

2. SAME—NEGLIGENCE.

   The evidence showed that the plaintiff had been employed for several years about the store next door; that he was standing only a few feet from the coal hole, into which an employé of defendant was throwing boxes; that, being engaged in a friendly scuffle with another bystander, he stepped backward, stumbled over the open iron grating, and fell into the ash pit below. Plaintiff testified that he never saw the hole open, and did not know it was open the afternoon of the accident. *Held*, that the accident was not caused by the negligence of the defendant in failing to properly safeguard the hole, since, with the employé standing by it, it would not have been dangerous to ordinary pedestrians.

   O'Brien and Hatch, JJ., dissenting.

Appeal from trial term, New York county.

Action by Henry Schubkegel against Jacob D. Butler. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PATTERSON, HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Chas. G. Cronin, for appellant.
Edward J. McCrossin, for respondent.

INGRAHAM, J. The defendant is the owner of an office building No. 1 Union Square, on the corner of Fourteenth street, city of New York. It seems that under the sidewalk in Fourteenth street there is an ash pit, with an opening through the sidewalk, covered with an iron grating about 4 feet from the curb line of Fourteenth street and 23 feet from the building, which, when open, is about 3

feet 4 inches long and 2 feet 9 inches broad. This ash pit was built in the year 1892, and an alteration was made in the grating which covered it in the year 1895. This grating is parted in the middle parallel with the street, and when open one-half is upon each edge of the coal hole, projecting above the coal hole something over 16 inches. When the occupants of the building wished to remove the ashes from the cellar, this grating was opened, and, when open, each half of the grating rests upon the side of the hole. In the year 1895 it was the custom to open this hole three times a week,—in the morning, about 10 o'clock, of Mondays, Wednesdays, and Fridays. It appeared that on the afternoon of the 7th of November, 1895, one of the defendant's employés opened this hole to throw some wooden boxes in the basement; that while he was thus engaged the plaintiff, with two or three other men, who were waiting in the street to be employed, was standing on the sidewalk in front of the building; that the plaintiff, seeing one of the other men coming towards him with a glove in his pocket, seized hold of the glove, and pulled it out of the pocket; that the owner of the glove, apparently in good nature, approached the plaintiff for the purpose of recovering possession of the glove, when the plaintiff stepped back a few steps, stumbled over the grating protecting this hole, and fell in the hole, sustaining injuries, to recover for which this action was brought. At the time of this accident this ash pit was actually in use, with the defendant's employés at work there. The plaintiff was a truck driver, entirely familiar with the locality, having worked for a Mr. Leonard, who had a store next to the defendant's building, for upwards of six years, and at the time of the accident was upon the sidewalk, caring for his horses, and waiting for orders from the employer. The accident happened about 3 or 4 o'clock in the afternoon. The plaintiff testified that he had passed the hole about 10 minutes before he fell through; that he had never seen that hole open before, to his knowledge, and did not see it open on that day before he fell, but he knew there was a hole there prior to the day that he fell in it. At the end of the plaintiff's case, and again at the end of the whole case, counsel for the defendant moved to dismiss the complaint upon the ground that the plaintiff had not made out a cause of action, and that the plaintiff was guilty of contributory negligence in stepping into a hole which he knew was in existence. This motion was denied, to which the defendant excepted. The complaint is based entirely upon negligence, charging the defendant with having carelessly and negligently maintained upon his premises an open ash pit or coal hole located upon the public highway, and that at the time of the accident the defendant carelessly and negligently left this coal hole open unguarded, without any protection to prevent persons from falling into the same. The cause of action resting entirely upon negligence, the court left the question of the defendant's negligence and the freedom from contributory negligence to the jury, charging:

"If you find that the defendant did leave this coal hole or hole in the sidewalk in such a shape that, in case any person walking along the sidewalk as people ordinarily do, and exercising ordinary care and caution, would be endangered by it, then that would be a negligent act."

There is no allegation in the complaint that this ash pit under the street was illegal, or erected without the consent of the municipal authorities. There would be, therefore, a presumption, from the length of time which it had existed, without any objection having been made by the city authorities, that their consent to its construction had been given. Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373; Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398. Assuming it to have been lawfully constructed, the defendant was bound to properly guard and protect it, and any failure in this respect would be negligence, which would entitle a person injured to recover (Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207); and the question, therefore, presented is whether there is any evidence to justify a finding by the jury that the defendant was guilty of negligence in the performance of this duty which he had assumed by the erection of the ash pit in the public street. The evidence is uncontradicted that at the time of this accident the defendant's employés were using this ash pit for a purpose entirely consistent with the purpose for which it had been constructed. His employés were at the opening, and it was only open so far as necessary for its use. There is certainly nothing in the evidence that would justify a finding that the ash pit was left open when not in use, or left unguarded at any time, and there is no precaution suggested, which, if adopted by the defendant, would have prevented the plaintiff from falling into the hole under the conditions that existed at the time. The plaintiff, who had worked for upward of six years in the neighborhood, stated that he was well acquainted with the condition of this pit; knew that the hole was there, although he says that at the time he did not have notice that it was open. He was standing, however, within a few feet of it, attending to his horses in the street, and waiting for orders from his employer. There was nothing to prevent his seeing that the ash pit was open and in use, and those in charge of it working there. It was bright daylight, in the middle of the afternoon, and the place was perfectly safe to any one walking on the street or using it in an ordinary way, in the ordinary possession of his faculties. The plaintiff, thus standing within a few feet of this open ash pit, engaged in a scuffle with one of his friends in the street, suddenly backed up into the hole without looking where he was backing, without taking any precaution to see that this hole, with the existence of which he was familiar, was not open and in use. While realizing fully the obligation imposed upon any one maintaining such an opening in the street, I cannot see that, if the maintenance of such an opening was legal, the defendant failed to perform the obligation imposed upon him of properly protecting and guarding it that those using the street should not be injured. The condition of the ash pit at the time of the injury was not one that to a person properly and carefully using the street was dangerous. If a person walking along the street had fallen into this hole under the circumstances detailed and the condition existing at the time the plaintiff fell, the case would be not unlike that of Whalen v. Gaslight Co., 151 N. Y. 70, 45 N. E. 363, where it was held by the court of appeals that the defendant was not liable; and the fact that this plaintiff, instead of using the street as ordinarily used, was engaged there in a

friendly scuffle with a fellow workman, and while so engaged backed into this coal hole, imposes no obligation upon the defendant, if, under all the circumstances, this ash pit was so guarded as to be safe for any one using the street in an ordinary and proper manner.   While possibly we could not say, as a matter of law, that this plaintiff was guilty of contributory negligence, it seems to me that the situation as it existed, the use to which the ash pit was being put at the time, and the conduct of the plaintiff that caused him to fall into the hole, conclusively establish that the accident was not caused by the neglect of the defendant to properly perform his duty in guarding and caring for this construction in the sidewalk, and that he was not liable.

It follows that the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All con-concur, except O'BRIEN and HATCH, JJ., who dissent.