## ANN v. HERTER.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. INDEPENDENT CONTRACTORS—NEGLIGENCE—LIABILITY OF OWNER.

　　Where a property holder had a deep excavation made, encroaching for some feet on the sidewalk, or at least abutting on it, and it was left wholly unguarded, and a passer-by fell in and was injured, he was liable for damages, though the work was done by an independent contractor.

2. EXCAVATION IN STREET—EVIDENCE—SUFFICIENCY TO SHOW.

　　Evidence examined, and *held* sufficient prima facie to show that an excavation made by defendant encroached on a street, within the purview of an ordinance requiring a person "digging down any road or street" to fence or rail the excavation.

3. SAME—PEDESTRIAN FALLING INTO EXCAVATION—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

　　Whether plaintiff, who was injured by falling into an excavation encroaching, or at least abutting, on the sidewalk along which he was passing, was guilty of contributory negligence, *held*, under the evidence, to be a question for the jury.

Appeal from trial term, Kings county.

Action by Charles Ann against Peter Herter, impleaded with Peter J. Herter. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John F. Coffin, for appellant.

Frederick F. Neuman (George W. Newgass, on brief), for respondent.

JENKS, J. The plaintiff, passing along a public sidewalk in the city of New York, fell into an unguarded excavation. He has obtained judgment for personal injuries against the defendant, Peter Herter, who owned the premises where the excavation was making, incidental to certain building work. The defendant attacks the judgment upon three grounds:

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 1263.

1. It is urged that the defendant is not liable because the excavation was made by an independent contractor. Whether the work was that of an independent contractor was in dispute, and the question was submitted to the jury. But, even if the evidence had established it beyond dispute, I think that the rule which absolves an owner from liability for the negligence of an independent contractor does not apply, but the exception to that rule applies, namely, that, when the work itself creates the danger or injury, then the owner of the premises, who made the contract, is liable to persons injured by the omission properly to protect the work, and cannot shield himself by plea and proof that the work was entirely committed to an independent contractor. Murphy v. Perlstein, 73 App. Div. 256, 76 N. Y. Supp. 657; Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207. The evidence for the plaintiff showed that the excavation, which was 10 feet deep, 50 feet long, and several feet wide, was left wholly unguarded and unprotected. It also tended to show that such excavation encroached for some feet upon the sidewalk, and at least it showed that the cutting abutted upon the walk used by pedestrians. If it only abutted, I think that the doctrine of Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175, would apply.

2. It is urged that it was error to admit certain city ordinances in evidence. The first ordinance (section 220, Rules and Ordinances of the City of New York) related to the duty of those "engaged in digging down any road or street, in paving any street, building any sewer or drain, trench for water pipes, or digging and building a well in any of the public streets," to erect a fence or railing at such excavation or work in such manner as to prevent danger to passengers who may be traveling upon such streets. It is contended that there was no competent evidence in the case that the excavation encroached upon the public street. The witness Policeman Brittin testified that the excavation extended for $3\frac{1}{2}$ or 4 feet, about to the center of the sidewalk, meaning by the term "sidewalk" the distance clear from curb to building line, and that a portion of the area walls, where "they had started to build out the vaults," was outside of the edge of the sidewalk, that a portion of the area wall toward the north was built up level with the street,—not the whole of it,—and that he was positive of these things because he had made a thorough examination upon a report. He further testified that the cutting extended 4 feet outside of the stoop line, which line was from $3\frac{1}{2}$ to $4\frac{1}{2}$ feet from the building proper, and that, although he had never made a survey to locate the stoop line, he had made measurements as he had seen it. The witness Policeman Willett testified that in making out reports, etc., he had gained experience in stoop lines,—in regard to signs and things placed beyond them,—that the stoop line was always considered about $3\frac{1}{2}$ feet from the face of the building, that this excavation was 5 or $5\frac{1}{2}$ feet out from the front of the building, and that the sidewalk was outside of the stoop line. And Brittin also testified that the wall of the defendant's building was flush with the faces of the other buildings. Again, Willett testified that the excavation extended $3\frac{1}{2}$ feet beyond the area line toward the curb. The defendant's superintendent O'Reilly testified that the area wall was the line that divides the highway from private

property, but that "he could not recollect" whether this excavation was "within the street line,—within the public highway." While it is true that the exact lines were not shown by survey or deed, I think that the testimony was competent and sufficient to show prima facie that the excavation was upon the street, within the purview of an ordinance which required a person digging down any road or street in any of the public roads, streets, or avenues where such work, if left exposed, would be dangerous to passengers traveling such street, to fence or to rail such excavation. Moreover, section 221 of the Rules and Ordinances of the City of New York provides that section 220 should apply to every person engaged in building any vault, or who shall do or perform any work causing obstructions in the public streets. Now, Policeman Brittin testified that he found the plaintiff lying at the bottom of the cellar "where they had excavated for vaults under the sidewalk," and Policeman Willett testified as to the placing of building materials upon the street so that he made complaint thereof.

3. It is said that the plaintiff failed to show absence of contributory negligence, in that in daytime he walked into a cutting 50 or 60 feet long, 15 feet deep, and 4 or 5 feet wide. And it is pointed out that the plaintiff testified that he passed by the building, walked about a block, returned, and, in attempting to pass two women who were in front of him, fell into the excavation. But this cutting did not yawn in the way, so that one not stargazing or woolgathering would halt before it, or one stepping into it would be guilty of contributory negligence in view of a known and obvious danger in his path. The situation was quite difficult. Even though the cutting had encroached upon the sidewalk for several feet, or had abutted on the sidewalk as then constituted, it had not been left as a pit open in the way. There was still a sidewalk for passengers. This sidewalk had either been narrowed for 60 feet by the excavation, or such an excavation for 60 feet abutted the sidewalk then in use. A barrel near the north side and another on the south side of the building were placed on the edges of the cavity, but there was nothing whatever along the side by way of guard or protection. It is entirely natural that these barrels both masked the hole and also served to indicate that part of the sidewalk which was open and free for passengers, and so, after one had entered upon the way thus indicated, he was walking along the brink of an unguarded excavation, but not toward a pit directly in his way. I think that under the circumstances the question of contributory negligence was properly submitted to the jury.

The judgment and order should be affirmed, with costs. All concur.