DORN v. SNARE & TRIEST CO.

(Supreme Court, Appellate Term. February 5, 1909.)

1. MASTER AND SERVANT (§ 315*)—THE RELATION—EVIDENCE—SUBCONTRACTS.

Though a finding for plaintiff, in an action against a contractor by a third person for injury from negligence of one working on the job, would have been supported by the evidence, had the question whether or not the subcontractor was not a mere cloak for defendant, and whether under such cover the workman was not really employed by defendant, been submitted to the jury, it was not justified where the question of the bona fides of the contract between defendant and the subcontractor was expressly withdrawn, and otherwise all the evidence showed the employment was by the subcontractor, and the instructions required a verdict for defendant unless it was found the workman was in defendant's employ.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1248; Dec. Dig. § 315.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 315*)—INJURY TO THIRD PERSON—INDEPENDENT CONTRACTOR.

 Notwithstanding any responsibility to the public for injuries suffered by the public in the construction of a bridge assumed by defendant by its contract with a city to construct the bridge for it, defendant was not liable for injury to a member of the public caused by the negligence of an employé of a subcontractor in dropping his tool, and not by the nature of the work itself.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1248; Dec. Dig. § 315.*]

Appeal from City Court of New York, Trial Term.

Action by Ethel Dorn against the Snare & Triest Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Hitchings & Palliser (Lynn W. Thompson, of counsel), for appellant.

Abraham H. Sarasohn, for respondent.

GIEGERICH, J. The plaintiff seeks by this action to recover for injuries caused by being struck on the head on November 15, 1904, by an iron or other hard substance dropped during the construction of the Williamsburgh Bridge, and in particular that portion thereof which spans Delancey street, below Pitt and Willett streets, in the borough of Manhattan, New York City. The accident was due to one Lamb, an ironworker employed on said bridge, who allowed his ratchet, with which he was drilling, to fall, hitting the plaintiff, who was directly beneath, on the head. The defense is that Lamb was not in the defendant's employ, but was the employé, of a subcontractor, the Metropolitan Bridge & Construction Company, a New Jersey corporation, hereafter referred to as the "Metropolitan Company."

On August 10, 1904, the defendant contracted with the city of New York for the construction of certain electric railway tracks and loops on said bridge, together with the electrical equipment therefor. Within a few days thereafter the defendant turned over to the Metropolitan Company the iron and steel portion of this contract, pursuant to a general agreement entered into between the two companies some three months prior thereto. The evidence in the case shows clearly that at the time of the accident Lamb was in the employ, nominally at least, of the Metropolitan Company. No evidence was introduced tending to show that at the time of this accident the defendant was doing any work at all on the bridge. On the contrary, the defendant's secretary and treasurer testified, in response to questions put by the court, that the defendant did not have any employés at work on the Williamsburgh Bridge when the accident happened. The secretary and treasurer of the defendant further testified, without contradiction, that the defendant sublet the whole of its contract to various subcontractors.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff's counsel insists that the Metropolitan Company was a mere cloak, which the defendant used to perform this contract, in order to shield itself from liability in suits of this character. There was some evidence adduced which tended to support this view; but the trouble with that contention, as far as this appeal is concerned, is that this question was not submitted to the jury on the trial. The trial justice instructed the jury that, if they found Lamb was in the employ of the defendant, they were to find for the plaintiff; if they found that he was in the employ of the Metropolitan Company, they were to find for the defendant; and at the request of the attorney for the defendant he instructed the jury that there was no question as to the bona fides of the contract between the two companies. The jury, therefore, to arrive at their verdict, must necessarily have found that Lamb was in the employ of the defendant company. But there was absolutely no evidence to support such a finding. All the evidence on the point showed that he was employed by the Metropolitan Company.

If the question whether or not the Metropolitan Company was not a mere cloak for the defendant, and whether or not under that cover the defendant was not really employing Lamb, had been submitted to the jury, a finding then in favor of the plaintiff would have been supported by the evidence. As it was, such question was not before the jury for consideration, it having been expressly charged that there was no question of the good faith of the contracts, and to arrive at the verdict they did they were forced to find a fact of which there was no evidence.

The plaintiff's counsel also contends that, conceding that it is conclusively proven that Lamb was in the employ of the Metropolitan Company, still the defendant is liable for the negligence of its subcontractor because by its contract with the city, it assumed a responsibility to the public for injuries suffered by the public in the construction of the bridge, which could not be evaded by employing an independent contractor to do the work. He cites as authority for this the case of Weber v. Buffalo Railway Co., 20 App. Div. 292, 47 N. Y. Supp. 7. This case and kindred ones are, indeed, exceptions to the general rule as to independent contractors; but in every case where this exception has been laid down we think it will be found that the injuries were due to some cause inherent in the nature of the work, or, to put it in other words, it was the work itself which created the danger, and not something purely incidental or collateral to the work. For instance, when a subcontractor, employed for that purpose, tears up a street, and then leaves it unguarded, and an accident occurs, it may be well said that the work itself causes the injury.

In the present case the plaintiff was hit by an iron ratchet let fall by one of the ironworkers on the bridge, who was using the ratchet in his work. In Neumeister v. Eggers, 29 App. Div. 385, 51 N. Y. Supp. 481, the plaintiff's intestate, while passing along a public sidewalk in the city of New York, was fatally injured by a brick which either fell or was thrown from one of the upper stories of the defendant's building, then in process of erection. Mr. Justice McLaughlin,

in delivering the opinion of the court, said, at page 386 of 29 App. Div. and page 481 of 51 N. Y. Supp.:

"We think the trial court was right. The owner of real estate is not liable for the negligent act of a competent independent contractor whom he has engaged to perform work thereon, unless the work contracted to be done be unlawful, or in and of itself a natural and inherent source of danger. This rule is succinctly stated in the case of Water Co. v. Ware, 16 Wall. 566, 21 L. Ed. 485, quoted with approval in Downey v. Low, 22 App. Div. 462, 48 N. Y. Supp. 209, as follows: 'Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party.' And to the same effect is the recent case of Wolf v. American Tract Society, 25 App. Div. 98, 49 N. Y. Supp. 236. Applying the principle of law thus alluded to to the facts disclosed by the record before us, it at once becomes apparent that the defendant was not legally responsible for the injuries sustained by the plaintiff's intestate. Under the admission above referred to, if the brick fell by reason of the negligence of any one, it was the negligence of the contractor or his workmen, and not that of the defendant; and its fall was not the result of any act which the contractor had agreed, or was authorized by the defendant, to do."

In Schiverea v. Brooklyn Heights R. R. Co., 89 App. Div. 340, 85 N. Y. Supp. 902, after holding that in that case the general contractor was liable because of the duty imposed by law to keep the streets in a reasonably safe condition for travel while the work was in progress, the court went on to say, at page 344 of 89 App. Div. and page 904 of 85 N. Y. Supp.:

"If the accident had occurred because of some negligence in the actual doing of the work of the construction of the subway, such as blasting or digging, or in the actual careless handling of the tools and implements on the part of the contractor's men, the company might be relieved of liability by the existence of an independent contract in the execution of which it had no share or control."

The accident, if caused by negligence, was caused solely by careless handling of tools in the actual construction of the work, and comes squarely under the above quotation. Under the principle and by the analogy of the two cases above quoted from, it should be held that the accident under consideration was not caused by the nature of the work itself, but by the manner of its performance, and if it was caused by the negligence of any one it was, so far as the present record shows, the negligence of a servant of an independent contractor, for whose act the defendant is not responsible. The plaintiff must look for her relief to the subcontractor, the Metropolitan Company, unless on a new trial she can prove that that company was a mere cover under which the defendant company was really doing the work.

In this view of the case, the questions as to the alleged improper reception of evidence become immaterial, and need not be discussed.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SEABURY, J., concurs.  GILDERSLEEVE, P. J., taking no part.