# MANUEL CALDERON ACOSTA, Plff.,

## *v.*

# PORTO RICO GAS COMPANY, Dft.

---

San Juan, Law, No. 1002.

ON MOTION FOR NEW TRIAL.

Accident—Control by Defendant.

    1. If control of the work by defendant is necessary for recovery of the plaintiff, and there is no evidence of such control, the motion for a new trial will be denied.

Franchise for Laying Pipe—Not Exercised.

    2. The fact that a right or franchise was issued to the defendant for digging up streets in order to lay pipes is not material unless he is shown to have exercised it.

Construction—Completion.

    3. The fact that construction work had ceased at a certain time, and that the gas company was using the pipe underground, is no evidence against it that it assumed any liability for surplus material left upon the surface of the street.

Negligence—Civil Code, § 1803.

    4. Liability under the Porto Rico Civil Code, § 1803, must be for the negligent doing or omission of an act with which the defendant is directly connected. There must be an immediate relation of cause and effect.

Negligence—Contractor.

    5. A person causing an act to be done is not exempted from liability because there was a contract between him and the immediate actor. But if the injury was the result of the wrongful act of the contractor alone, the employer is not liable.

---

NOTE.—For cases passing upon the liability of employer for torts of independent contractor, see note in 65 L.R.A. 620.

Acosta v. Porto Rico Gas Co.

Independent Contractor—Original Employer.

    6. At common law an employer is not responsible for the acts of an independent contractor.

Negligence of Agent—Civil Law.

    7. The theory of the common law is that for every injury there is a remedy, but under the civil law there is no remedy unless given by statute. The limitation of an employer's liability as to negligence is contained in § 1804 of the Civil Code, which comes down from a long civil law ancestry.

Civil Code, § 1804—Liability for Agent.

    8. The liability of a principal under § 1804 does not rest upon the basis of *respondeat superior*, but is confined to liability for persons to whom he stands in the relation of *paterfamilias*.

Opinion filed February 2, 1915.

*Messrs. Miguel Guerra* and *Jos. Anderson, Jr.,* for plaintiff.

*Mr. Francis E. Neagle* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case was originally brought in the local district court at San Juan in October, 1913, and was removed at the instance of the defendant to the Federal court on November 4, 1913. It came to trial and resulted in an instruction of the court to the jury to find for the defendant, which was accordingly done. It now comes on to be heard upon the motion for a new trial filed December 8, 1914, setting out six grounds therefor. They may be grouped under two heads: That the alleged damage was due to the direct negligence of the defend-

Acosta v. Porto Rico Gas Co.

:ant itself, or that defendant was liable for its contractor when the latter did not take the precautions required by law.

1. The plaintiff claims, in the first place, that the construction work was under the control of the defendant, and that, therefore, leaving large gas pipes exposed upon the highway, which are claimed to be the cause of the injury, was the fault of the defendant. There was not, however, to the court's mind, anything to show that the defendant had any such control. The work of digging the trenches in the streets, laying and connecting the pipes, and packing back the soil was shown by the evidence, practically without conflict, to have been done by a construction company. What were its relations to the defendant, or whether any control over the work was exercised by the defendant company, was not shown. There was nothing tangible that could go to the jury on this point.

2. It is next set out that, although the defendant was not actually engaged in the construction, it was under the duty by law and ordinance to see that proper lights were attached to any obstruction to the highway during the progress of the work or afterwards. The evidence on this subject was that the people of Porto Rico had issued a franchise to the defendant company for the laying of pipes and the building and operation of a gas plant. It was not shown that the defendant exercised any rights as to construction under this franchise, and hence it was not shown that any duty devolved upon it in that connection.

3. It is also set up that the defendant was liable for any dangerous condition of the highway, because, at the time of the accident, the construction work had been completed at this point. It was not, however, shown that the defendant had assumed any liability for any material left over from this con-

struction work. *Non constat* that ·the defendant company accepted the gas plant as it was completed, without accepting the surplus material. This must be proved, and could not be inferred.

4. The above grounds of the motion may be said to invoke the principles of § 1803 of the Civil Code. It is as follows: "A person who, by an act or omission, causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done."

The complaint alleges that the defendant itself left the pipe in the street and failed in its duty in connection therewith. The proof showed that the acts complained of were those of a construction company. It may be questioned whether there would be any liability for negligence under these circumstances, even if the complaint had been drawn upon that theory. The negligence of a defendant must be that which is the proximate cause of the damage, and the facts shown in the evidence were all acts of another. An act may be done negligently, or the omission to do an act may be negligence, but in either case the defendant must be directly connected with the negligence. Section 1803 is construed in Díaz v. San Juan Light & Transit Co. 17 P. R. R. 64, 76, as follows:

"Summarizing the principles involved in this case, we shall say that in order to recover damages based upon the provisions of § 1803 of the Revised Civil Code, it is necessary:

"(a) That the complainant should allege and prove the existence of a real and positive damage which has caused him losses in his person, in his property, or in his rights as derived from his relations to other persons;

"(b) That he should allege and prove that such damage is

Acosta v. Porto Rico Gas Co.

the immediate and natural consequence of the guilty or negligent act of the defendant; . . ."

To the same effect is Carmona v. Cuesta, 20 P. R. R. 215, 220. The chief justice there says: "Having examined chapter II. title XVI. of Book Fourth of the Civil Code, comprising §§ 1803 and 1811 both inclusive, we find that the liabilities established by the said sections arise from fault or negligence which, without the existence of a former obligation and without any previous contractual act, causes damages which have their origin in an act or omission derived from said fault or negligence. From a study of these same sections we conclude that, between the damages and the fault or negligence whence they are derived, there must be an immediate relation of cause and effect, and that the indemnity for such damages must not be accessory to another liability or a consequence of the fact that any legal or contractual liability is not actionable."

It does not appear that the evidence came up to the requirements of § 1803 as to personal negligence. Was the negligence that of anyone for whom defendant was responsible?

5. Lord Campbell declared truly that it would be monstrous if a party causing another to do a thing were exempted from liability for the act merely because there was a contract between him and the person immediately causing the act to be done. Ellis v. Sheffield Gas Consumers' Co. 2 El. & Bl. 770, 2 C. L. R. 249, 23 L. J. Q. B. N. S. 42, 18 Jur. 146, 2 Week. Rep. 19, 19 Eng. Rul. Cas. 180. This rule, however, quite apart from the question of independent contractor, has its limitations. As pointed out by the Supreme Court in St. Paul Water Co. v. Ware, 16 Wall. 576, 21 L. ed. 488: "Where the obstruction or defect caused or created in the street is purely

collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party."

In the case at bar the injury was not due, for instance, to an excavation in the street, which, of course, is necessary to the laying of the pipe below the surface, but to a loose pipe left over after the completion of the work. Under the above principle this defect is collateral to the work contracted to be done, and therefore due to the wrongful act of the contractor, and not in any sense to the employer. So that, even at common law, the present case is not one which would permit a recovery.

6. The evidence showed that the gas company had nothing to do with the installation of pipes and the like. As to this it had a contract with a construction company not made a party to the suit, and only accepted the pipes after completion of the work. This seemed to show that the damage complained of was due to an independent contractor.

It is well settled that at common law, in the case of an independent contract, the employer is not responsible. It was at first held otherwise, as in the case of Bush v. Steinman, 1 Bos. & P. 404; but the principle of nonliability for an independent contractor has now long been recognized by the courts. Hilliard v. Richardson, 3 Gray, 349, 63 Am. Dec. 743; Rome & D. R. Co. v. Chasteen, 88 Ala. 591, 7 So. 94; Bouvier's Law Dict. s. v. Independent Contractor.

Bush v. Steinman, decided in 1799, is not followed in

Acosta v. Porto Rico Gas Co.

America, and was in 1849 overruled in its original home by Reedie v. London & N. W. R. Co. 4 Exch. 256, 6 Eng. Ry. & C. Cas. 184, 20 L. J. Exch. N. S. 65, 19 Eng. Rul. Cas. 168. In the States, where the common law prevails there are many cases which hold that a defendant cannot contract himself out of his own negligence, that upon the principle of the *respondeat superior* he remains, as to the public, a principal. Anderson v. Fleming, 66 L. R. A. 134, where there is an exhaustive note. See also note in 65 L.R.A. 833, 842. Cases holding otherwise may also be found, as Dorn v. Snare & T. Co. 62 Misc. 269, 114 N. Y. Supp. 820; Chartiers Valley Gas Co. v. Waters, 123 Pa. 220, 16 Atl. 423. But the rule as to independent contractor is generally upheld in common-law jurisdictions.

7. The case at bar, however, is not controlled by the common law. The civil law is in force in Porto Rico, and the provisions as to liability for acts of others are found only in the employers' liability act, which is not applicable, and in § 1804 of the Civil Code. The latter reads as follows:

"The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on his death the mother, is liable for the damages caused by the minors who live with them.

"Guardians are liable for the damages caused by minors or incapacitated persons who are under their authority and live with them.

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties.

VII. Porto Rico—31.

"The state is liable in this sense when it acts through a special agent, but not when the damage should have been caused by the official to whom properly it pertained to do the act performed, in which case the provisions of the preceding section shall be applicable.

"Finally, masters or directors of arts and trades are liable for the damages caused by their pupils or apprentices while they are under their custody.

"The liability referred to in this section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

The theory of common law is that every injury gives a right of action, that for every right there is a remedy. So far as relates to negligence in this regard, it is not material whether there is a statute on the subject or not. Statutes may be enacted to provide special remedies, and they may go beyond the common law in creating rights of action, as in the case of death by wrongful act; and where one is directly injured by the negligence of another, an action on the case or other appropriate remedy lies.

The theory of the civil law is otherwise. The civil law has been in existence for many centuries, and has been codified with so much care that the Codes are supposed to cover all rights and remedies. If a right is not expressed, it is excluded.

It is true that damages for actual negligence are recognized in this system of jurisprudence (12 Manresa, 607), but the form of expression of this liability is not always the same. In the civil jurisprudence it originates with the Aquilian law in the time of the Roman Republic, where many cases and cir-

cumstances were defined. This doctrine was transferred with greater or less completeness to the laws of title 15 of the Partidas, 7a, where it is discussed as Daño arising from Culpa. These provisions remained the civil law of Spain until the publication of the Civil Code now in force. The sections of the Porto Rico Civil Code bearing on the subject are 1803 and 1804, and these are copied word for word from articles 1902 and 1903 of the Spanish Civil Code. This liability was formerly called "cuasidelito,"—quasi tort. It is embraced, with contracts, in the Fourth Book of the Civil Code, relating to Obligations and Contracts, being in title 16, on "Obligations contracted without agreement." Of this title the first chapter relates to quasi contracts, and the second to obligations which arise from fault or negligence, embracing the sections under discussion. It has been held that these sections presuppose the fact that no contract is involved. 12 Manresa, 613.

It follows, therefore, that a right in one party growing out of the negligence of another must come under the terms of §§ 1803 or 1804, or it does not exist. As to the latter, "The terms in which the whole of this section [1804] is conceived take away from courts of justice all liberty to assign responsibility in cases not included therein, for when a law specifies and determines the cases where it is applicable, it cannot be applied to other cases not included therein, according to the principle of law *expressio unius est exclusio alterius.*" Velez v. Llavina, 18 P. R. R. 634, 644.

8. Section 1804, therefore, must cover this case, if the defendant is responsible for negligence of the construction company. This section does not rest upon the basis of *respondeat superior,* although the maxim is Latin. That principle is not

the basis of the civil law of the obligations which at common law are called "torts." Civil law liability of one person for another is confined to liability for persons to whom one stands in the relation of *paterfamilias*. Inst. lib. 4, title 5, par. 1; Dig. lib. 9, title 3.

The theory of the Spanish civil law, here as in many other cases, is that a man must act in the five cases mentioned in this section as a good father of a family; but the care required of such a good father is limited to the five cases. Unless the claim at bar can be considered as involving an owner of an establishment or business, there is no liability, for it bears no analogy to the other four heads. As to this, there can be no serious dispute. A person carries on a business or an establishment by means of workmen or employees, and it is for them, acting under his orders and control, and for them alone, that this provision of the section makes him liable. It may be that conditions in Spain had not caused the rise of the business of independent contractors, and that, therefore, up to the time of the adoption of the Civil Code in 1885, there was felt no necessity for legislating on the subject. At all events, the subject is not within the direct terms of the statute, nor has any decision been cited which broadens the construction of the statute so as to include independent contractors. Indeed, it is perhaps going somewhat beyond the record to speak of an independent contractor at all. There was no evidence of what the contract was between the gas company and the construction company. The evidence merely showed that a construction company did the work, and that the gas company at a certain later date was in possession of the plant. Nevertheless, as the argument proceeded largely upon the law of independent con-

tractor, the matter has, for completeness, been discussed from that point of view, as well as from others.

The motion must therefore be denied, whether it be based on the theory of direct liability of the defendant for negligence under § 1803, or on that of its responsibility for the negligence of another under § 1804.

It is so ordered.