ROSIE HYMAN, Respondent, *v.* HOPKINS G. BARRETT, Appellant.

**Negligence — action by tenant against landlord to recover for injuries caused by act of servant of contractor making repairs to building owned by landlord — when landlord not liable therefor.**

Where a workman employed by a contractor, who was engaged in making repairs to a tenement house, dislodged a board, lying upon the sill of a third-story window, which fell and struck a tenant as she was entering the house from the courtyard, the landlord is not liable to her for the injuries caused thereby. Although the landlord was under a duty toward his tenant to use reasonable care in keeping the courtyard safe, the place was not unsafe because a contractor was installing pipe and, therefore, he was not negligent in permitting tenants to cross the courtyard while the work was going on. The landlord had no notice of the danger and had not authorized any work which might reasonably be expected to create the danger, and he is not liable for the careless act of the contractor's servant. (*Paltey* v. *Egan*, 200 N. Y. 83; *Sciolaro* v. *Asch*, 198 N. Y. 77, distinguished.)

*Hyman* v. *Barrett*, 170 App. Div. 205, reversed.

(Submitted October 17, 1918; decided November 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 9, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clinton T. Taylor* for appellant. The evidence disclosed no actionable negligence on the part of the defend-

ant, appellant. (*Martin* v. *Pettit,* 117 N. Y. 118; *Hilsen-beck* v. *Guhring,* 131 N. Y. 674; *Gorman* v. *White,* 19 App. Div. 324.) The defendant having employed an independent contractor, Feldman, and not having assumed the direction of Feldman's work or that of the latter's sub-contractors and their workmen, he is not liable for the negligence, if any, of Feldman, his sub-contractor, and their workmen. (*Berg* v. *Parsons,* 156 N. Y. 109; *Mahon* v. *Burns,* 9 Misc. Rep. 223; 13 Misc. Rep. 19.)

*Moses Feltenstein* and *Isadore Apfel* for respondent. The defendant was legally chargeable for the plaintiff's injury. (*Paltey* v. *Eagan,* 200 N. Y. 83; *O'Rourke* v. *Feist,* 42 App. Div. 136; *Maloney* v. *Brady,* 14 N. Y. Supp. 794; *Sulzbacher* v. *Dickey,* 6 Daly, 369; *Randolf* v. *Feist,* 23 Misc. Rep. 650; *Brennan* v. *Ellis,* 70 Hun, 472; *Rosenberg* v. *Zeitchik,* 101 N. Y. Supp. 591; *Blumenthal* v. *Prescott,* 70 App. Div. 650; *Judd* v. *Cushing,* 2 N. Y. Supp. 836; *Sciolaro* v. *Asch,* 198 N. Y. 77.)

CARDOZO, J. The defendant was the landlord of a tenement house in the city of New York. The plaintiff was a tenant, occupying rooms on the second floor. The building was a rear one, and a courtyard and alley gave access to the street. In this courtyard, the plaintiff was injured when about to enter her home. Repairs were in progress. Workmen were standing on a scaffold at the third floor, and were setting pipe in place to carry water to the ground. One of the men dislodged a board or shelf which had been laid across the windowsill. It fell from his hands, and struck the plaintiff. The trial judge charged that the defendant was liable though the workmen were in the service of an independent contractor. The Appellate Division affirmed by a divided court.

We think the charge was error. It makes the landlord's burden heavy beyond precedent. We do not

question the rule that a landlord who assumes a contractual duty to a tenant, may not escape performance by delegating the duty to another. The rule is illustrated in two cases, *Paltey* v. *Egan* (200 N. Y. 83) and *Sciolaro* v. *Asch* (198 N. Y. 77), relied on by the court below. In one, the owner excavating an adjoining lot, pulled down the demised building, and ousted his tenant. That was a breach of his covenant of quiet enjoyment. Moreover, the danger was inherent in the nature of the work (*Weinman* v. *de Palma*, 232 U. S. 571). In the other, a landlord who had agreed to furnish elevator service, remained liable for faulty service supplied by his contractor. But in those and like cases (*O'Rourke* v. *Feist*, 42 App. Div. 136; *Peerless Mfg. Co.* v. *Bagley*, 126 Mich. 225) the act or omission complained of was a failure to do the very thing contracted for. That is not the situation here. This defendant was under a duty toward his tenant to use reasonable care in keeping the courtyard safe. If he failed in that duty, he is liable (*Curtis* v. *Kiley*, 153 Mass. 123; *Robbins* v. *Atkins*, 168 id. 45). But the failure has not been shown. He might have failed of performance by omitting to repair. That is not the charge. He might have failed by creating or suffering a dangerous condition (*O'Rourke* v. *Feist*, *Curtis* v. *Kiley*, *Robbins* v. *Atkins*, *supra*). That he did not do. The place was not unsafe because a contractor was installing pipe (*Boomer* v. *Wilbur*, 176 Mass. 482; *Engel* v. *Eureka Club*, 137 N. Y. 100). The defendant, therefore, was not negligent in permitting tenants to cross the courtyard while the work was going on. He did not omit any precaution that ought to have been observed. There was no reason why he should expect that a workman engaged on such a job would throw a shelf out of the window. He did not fail in his duty because of this casual act of a contractor's servant any more than he would have failed if the servant or the child of a tenant

had done the same thing. The danger was not inherent in the work contracted to be done (*Boomer* v. *Wilbur, supra; Blumenthal* v. *Prescott,* 70 App. Div. 560, 565; *Prescott* v. *Le Conte,* 83 App. Div. 482, 488; affirmed, 178 N. Y. 585; *Sulzbacher* v. *Dickie,* 6 Daly, 469). It had its origin in an act of negligence " collateral " to the work (*Downey* v. *Low,* 22 App. Div. 460; *Storrs* v. *City of Utica,* 17 N. Y. 104, 109; *Pickard* v. *Smith,* 10 C. B. N. S. 470; *Dalton* v. *Angus & Co.,* 6 App. Cas. 740, 829; *Robbins* v. *Chicago City,* 4 Wall. 657, 679; *Water Co.* v. *Ware,* 16 Wall. 566, 576).

The distinction is no new one. It runs through all the cases (*Boomer* v. *Wilbur, Robbins* v. *Atkins, Curtis* v. *Kiley, Peerless Mfg. Co.* v. *Bagley, supra*). One who opens an excavation in the highway is liable in damages if the contractor fails to guard it (*Deming* v. *Terminal Ry. of Buffalo,* 169 N. Y. 1; *Weber* v. *Buffalo R. Co.,* 20 App. Div. 292; *Downey* v. *Low, supra*). He is not liable if the contractor leaves a pickaxe in the road (*Penny* v. *Wimbleden Council,* 1899, 2 Q. B. 72, 76, 78), or negligently fires a blast (*Herrington* v. *Village of Lansingburgh,* 110 N. Y. 145; *Kelly* v. *Mayor, etc., of N. Y.,* 11 N. Y. 432; *Deming* v. *Terminal Ry. of Buffalo, supra*). The governing principle is not doubtful. The only difficulty is in applying it to varying conditions. Here the decisive facts are simple. The defendant had no notice of the danger. He had not authorized any work which might reasonably be expected to create the danger. We think he is not liable for the act of a contractor's servant.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN and POUND, JJ., concur; MCLAUGHLIN, J., not sitting; ANDREWS, J., absent.

Judgment reversed, etc.