LUCILLE CALDWELL, Respondent, v. THOMAS WILDENBERG, Appellant.

First Department, March 10, 1930.

*Monta C. Smithson* of counsel [*Charles O. Truex*, attorney], for the appellant.

*William A. Schacht*, for the respondent.

PROSKAUER, J. Plaintiff and her husband were tenants in a tenement house owned by the defendant. The defendant under-

took to replace in the apartments of this house certain black iron sinks with new white porcelain sinks. To do this he employed a licensed plumber as an independent contractor. The plumber furnished all the material and labor used in the performance of the work. One of the plumber's employees negligently permitted a sink to remain on the floor of the plaintiff's apartment. The plaintiff, injured by falling over this sink, has recovered against the landlord.

The judgment is sought to be sustained on the theory that the owner of a tenement house owes an absolute duty to a tenant to keep the premises safe and that this duty is broad enough to make him liable for every act of negligence of an independent contractor. The authorities sustain no such rule. The responsibility imposed on the landlord is to safeguard against danger " inherent in the work contracted to be done." (*Hyman* v. *Barrett*, 224 N. Y. 439.) In that case the tenant of a tenement house was injured by reason of the negligence of the employee of an independent contractor engaged in making repairs in the court yard. The trial court charged that the defendant landlord was liable though the workmen were in the service of an independent contractor. CARDOZO, J., writes (p. 437): " We think the charge was error. It makes the landlord's burden heavy beyond precedent."

Of course " a landlord who assumes a contractual duty to a tenant may not escape performance by delegating the duty to another " (*Hyman* v. *Barrett*, 224 N. Y. 436, 438), nor can he, by delegation, escape a duty imposed by statute. (*Altz* v. *Leiberson*, 233 N. Y. 16.) In such cases he is held liable for an omission to act, a failure to do the very thing contracted for. The claim here is different. " He might have failed of performance by omitting to repair. That is not the charge. He might have failed by creating or suffering a dangerous condition. \* \* \* That he did not do. The place was not unsafe because a contractor was installing pipe \* \* \*. The danger was not inherent in the work contracted to be done \* \* \*. It had its origin in an act of negligence ' collateral ' to the work \* \* \*. The distinction is no new one. \* \* \* One who opens an excavation in the highway is liable in damages if the contractor fails to guard it \* \* \*. He is not liable if the contractor leaves a pickaxe in the road." (*Hyman* v. *Barrett*, 224 N. Y. 436, 438.)

In the case at bar the negligence which caused the injury was not inherent in the work to be performed. The defendant had no notice of the danger and no reason to anticipate it. He merely authorized the performance of the work, which, if properly done, would have caused no injury to the plaintiff. He cannot be held

liable because the independent contractor's employee was careless with respect to a detail of the work.

Nor is the force of *Hyman* v. *Barrett* (224 N. Y. 436) weakened by the decision in *Altz* v. *Leiberson* (233 N. Y. 16). In the former case the landlord owed a common-law duty to repair those parts of the building which the occupants enjoyed in common. *Altz* v. *Leiberson* (*supra*) held that the Tenement House Law had extended that obligation to the rooms demised. In both cases the landlord's duty was the same. In *Altz* v. *Leiberson* (*supra*) he was held liable because his failure to repair caused injury. In *Hyman* v. *Barrett* (*supra*) he was excused because, not the failure to repair, but the carelessness of his independent contractor, caused the injury.

Nor have we overlooked the doctrine that " the landlord, though a volunteer in making the repairs, is liable, none the less, for negligence in making them." (*Marks* v. *Nambil Realty Co., Inc.*, 245 N. Y. 256, 258.) In that case, however, the landlord had actual notice that his affirmative conduct had not mitigated (even though it may not have aggravated) the dangerous condition of the cellar stairs. Moreover, the danger was there inherent in the work contracted to be done; here it was merely a casual incident in the way in which it was done.

For these reasons the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.