Rose Rudger, Respondent, *v.* Mucklon Holding Co., Inc., Appellant.

First Department, February 23, 1934.

*William B. Davis* of counsel [*Theodore L. Karpf* with him on the brief; *E. C. Sherwood*, attorney], for the appellant.

*Jose Schorr* of counsel [*S. & I. Lipschitz*, attorneys], for the respondent.

TOWNLEY, J.  Plaintiff occupied an apartment on the third floor of an apartment house owned by the defendant. While descending the stairs leading from her apartment she slipped on some paint which had been spilled on the stairway by one Stelzer, an employee of a painter, MacPherson, who regularly did all the painting work in the house.

It is admitted that the paint was spilled by Stelzer and that the plaintiff fell and sustained certain injuries. The substantial question presented for determination by this appeal is the responsibility of the defendant for the negligence of Stelzer in leaving the paint on the stairway.

An examination of this record establishes that this particular painting job and another small job in the apartment house had been awarded to MacPherson for twenty dollars. MacPherson did work for the defendant at so much per job whenever defendant wanted anything done. He regularly worked also for other people who hired him. He received orders at his own house from other people and was allowed to use defendant's telephone when working for the defendant to handle other orders. The paint was bought by the defendant. The wages of Stelzer were paid by MacPherson.

Under many decisions of both this court and the Court of Appeals, such a situation as matter of law creates the relationship of independent contractor and not that of employer and employee. As was said by Judge POUND in *Matter of Beach* v. *Velzy* (238 N. Y. 100): " The independent contractor is one who agrees to do a specific piece of work for another for a lump sum or its equivalent who has control of himself and his helpers, as to when, within a reasonable time, he shall begin and finish the work; as to the method, means or procedure of accomplishing it; and who is not subject to discharge because he does the work as to method and detail in one way rather than another. * * *

" Owners of apartment houses and other owners of residence property must at times call in painters, carpenters, masons, plumbers and other skilled workmen to work. Such work is ordinarily done by the job. If the job is a large one, calling for

many laborers and elaborate appliances and tools to be furnished by him with whom the agreement to do the work is made, no one would seriously contend that the property owner thereby becomes an employer of labor as such."

It may not be claimed moreover under these circumstances that a liability arises against the landlord because of the inherent danger of the work. This particular painting job was not inherently dangerous and the accident arose purely from the negligence of the independent contractor's employee. The situation is very like that discussed in *Hyman* v. *Barrett* (224 N. Y. 436). In that case the tenant of a tenement house was injured by reason of the negligence of an employee of an independent contractor who was making repairs in a court yard. This employee knocked a board which was lying on the sill of a third-story window into the court yard. A tenant was struck by the board. The Court of Appeals said: " The trial judge charged that the defendant was liable though the workmen were in the service of an independent contractor.   *   *   *

" We think the charge was error. It makes the landlord's burden heavy beyond precedent.   *   *   *   The defendant had no notice of the danger. He had not authorized any work which might reasonably be expected to create the danger. We think he is not liable for the act of a contractor's servant." To the same effect see *Caldwell* v. *Wildenberg* (228 App. Div. 557).

Plaintiff is not helped by any passive negligence of the defendant. There is no evidence of actual notice of the condition and, obviously, since this accident happened early in the morning and within forty-five minutes of the negligent act, no sufficient time had elapsed to charge the landlord with constructive notice. (See *Goodman* v. *Silverman*, 231 App. Div. 84; *Maringer* v. *Hill*, 146 id. 720.)

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.