RICHARD BOYLHART, by GERTRUDE BOYLHART, His Guardian ad Litem, et al., Appellants, *v.* DiMARCO & REIMANN, INC., Respondent, Impleaded with Others.

(Argued January 23, 1936; decided March 3, 1936.)

*Emil N. Baar, Arthur Block, James E. Whalen* and *David E. Winer* for appellants. Pure questions of fact were presented to the jury for its determination and the verdict against the defendant-respondent was amply supported by the evidence, and it was error to set it aside. (*Metzroth* v. *City of New York,* 241 N. Y. 470; *Shirley* v. *Larkin Co.,* 239 N. Y. 94; *Auburn City Nat. Bank* v. *Hunsiker,* 72 N. Y. 252; *Dillon* v. *Cockcroft,* 90 N. Y. 649; *Winkelman* v. *Winkelman,* 208 App. Div. 68; *Housman* v. *Waterhouse,* 191 App. Div. 851; *Dean* v. *Bauer,* 101 Misc. Rep. 301; *Jacobsen* v. *Buckley,* 36 Misc. Rep. 779;

*Hirtenstein* v. *Farrell,* 34 Misc. Rep. 515; *Ramsey* v. *National Contracting Co.,* 49 App. Div. 11; *Earl* v. *Crouch,* 57 Hun, 586; 61 Hun, 624; 131 N. Y. 613; *Kunz* v. *City of Troy,* 104 N. Y. 344; *Fritz* v. *Friedland,* 209 App. Div. 889; 239 N. Y. 580; *Murnane* v. *Third Ave. R. Co.,* 172 N. Y. Supp. 188; *Hine* v. *Aird-Don Co.,* 232 App. Div. 359; *Schmidt* v. *Cook,* 4 Misc. Rep. 85; 12 Misc. Rep. 449; *Kelley* v. *Hudson Co.,* 65 Misc. Rep. 574; *Crawford* v. *Wilson & Baillie Mfg. Co.,* 8 Misc. Rep. 48; 144 N. Y. 708; *Sarapin* v. *S. & S. Corrugated Paper Machinery Co.,* 209 App. Div. 377; *Robinson* v. *Rockland Light & Power Co.,* 187 App. Div. 720; *Conrow* v. *Snyder,* 215 App. Div. 603; *Junkermann* v. *Tilyou Realty Co.,* 213 N. Y. 404; *Klepper* v. *Seymour House Corp.,* 246 N. Y. 85; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340.) Defendant-respondent being engaged in work necessitating storage of materials on public streets, which could only be done under a permit granted by the city of New York, could not by a subcontract divest itself of its duty to protect the public. (*Ramsey* v. *National Contracting Co.,* 49 App. Div. 11; *Schiverea* v. *Brooklyn Heights R. R. Co.,* 89 App. Div. 340; *Johnston* v. *Phœnix Bridge Co.,* 44 App. Div. 581; *Water Co.* v. *Ware,* 16 Wall. 566; *Woodman* v. *Railroad Co.,* 149 Mass. 235; *Downey* v. *Low,* 22 App. Div. 460; *Deming* v. *Terminal Railway of Buffalo,* 169 N. Y. 1.) Defendant-respondent exercised control and supervision over and directed the placing of its own steel, thereby rendering it liable for its negligence. (*Rosenberg* v. *Schwartz,* 260 N. Y. 162.) The infant plaintiff was impliedly invited to go upon the pile of beams and the respondent was bound to anticipate that children would climb upon the beams and that slight force would cause their dislodgment. (*Ferrari* v. *N. Y. C. R. R. Co.,* 224 App. Div. 182; *Parnell* v. *Holland Furnace Co.,* 234 App. Div. 567; 260 N. Y. 604.)

*William Dike Reed* for respondent. The trial court properly set aside the verdict and dismissed the plaintiffs'

complaint as against the defendant general contractor upon the ground that there was no evidence to warrant a judgment against it. ( *Uppington* v. *City of New York*, 165 N. Y. 222; *Glenn* v. *Oakdale Contracting Co.*, 257 N. Y. 497; *Schmidt* v. *City of New York*, 179 App. Div. 667; 228 N. Y. 572; *Hyman* v. *Barrett*, 224 N. Y. 436; *Hayling* v. *City of New York*, 233 App. Div. 595; *Hunt* v. *Mayor*, 109 N. Y. 134.) The duty of a general contractor engaged in the prosecution of a public improvement is no greater than that of the municipality, and it is not liable for the collateral negligence of the employees of an independent subcontractor. (*Fithian* v. *Degnon Contracting Co.*, 175 App. Div. 386; *McNamara* v. *City of New York*, 144 App. Div. 504; *Johnson* v. *City of New York*, 208 N. Y. 77; *McCafferty* v. *S. D. & P. M. R. R. Co.*, 61 N. Y. 178; *Dorn* v. *Snare & Triest Co.*, 62 Misc. Rep. 269; *Von Lengerke* v. *City of New York*, 150 App. Div. 98; 211 N. Y. 558; *Berg* v. *Parsons*, 156 N. Y. 109; *Froelich* v. *City of New York*, 199 N. Y. 466; *Moore* v. *Wills, Inc.*, 250 N. Y. 426; *Engel* v. *Eureka Club*, 137 N. Y. 100; *Hexamer* v. *Webb*, 101 N. Y. 377; *Storrs* v. *City of Utica*, 17 N. Y. 104; *Downey* v. *Low*, 22 App. Div. 460.)

CROUCH, J. The respondent, DiMarco & Reimann, Inc., contracted with the city of New York to construct part of a new subway. Under the contract, portions of the construction work might be sublet to subcontractors approved by the city. The steel construction was so sublet to the Rosaire Contracting Company. The contractor was authorized by the city to occupy such portions of the street surface as might be necessary for the storage of materials. Certain steel beams to be used in the structure were stored on a neighboring street, insecurely piled by the subcontractor. The infant plaintiff with two companions were playing " follow the leader " on and around the pile. While standing on the pile the leader " wiggled " the beams, causing several of

them to roll down the pile and injure the plaintiff. On the trial the plaintiff had a verdict against both the contractor and the subcontractor. Thereafter, the trial judge set aside the verdict and dismissed the complaint as against the contractor. The Appellate Division unanimously affirmed the judgment against the subcontractor and, by a divided court, affirmed the dismissal as to the contractor.

The only question which need be considered is whether the contractor, under the facts here, is subject to liability for the negligence of the subcontractor in piling the beams in the street. The applicable principle of law is well settled. " One employing another is not liable for his collateral negligence unless the relation of master and servant existed between them. So that a person employing a contractor to do work is not liable for the negligence of that contractor or his servants. On the other hand, a person causing something to be done, the doing of which casts on him a duty, cannot escape from the responsibility attaching on him of seeing that duty performed by delegating it to a contractor. He may bargain with the contractor that he shall perform the duty and stipulate for an indemnity from him if it is not performed, but he cannot thereby relieve himself from liability to those injured by the failure to perform it." (Lord BLACKBURN in *Dalton* v. *Angus & Co.*, 6 App. Cas. 740, 829.) (Compare American Law Institute, Restatement of the Law of Torts, ch. 15, topic 2, and particularly § 417.) The distinction between the two things is that in the one case the danger has its origin in an act of negligence collateral to the work, which could not be foreseen and guarded against beforehand, while in the other the danger is inherent in the work contracted to be done and might reasonably be expected. (*Hyman* v. *Barrett*, 224 N. Y. 436, 439.) If the contractor leaves a pickaxe in the road (*Penny* v. *Wimbledon Urban District Council*, [1899] 2 Q. B. 72, 76), or negligently drops a stone from a bridge

under construction over a highway (*Reedie* v. *L. & N. W. Ry. Co.*, 4 Ex. 244), or negligently fires a blast (*Herrington* v. *Village of Lansingburgh*, 110 N. Y. 145), or while making repairs to a house, casually dislodges a board (*Hyman* v. *Barrett, supra*), his employer is not liable. If, however, he makes an excavation (*Storrs* v. *City of Utica*, 17 N. Y. 104), or raises an embankment (*Deming* v. *Terminal Railway of Buffalo*, 169 N. Y. 1) in a highway and fails to guard it or give warning, or leaves an insecure pile of iron rails in a street (*Ramsey* v. *National Contracting Co.*, 49 App. Div. 11), his employer is liable. When one undertakes work in a public highway which, unless carefully done, will create conditions which are dangerous to members of the public using the highway, in the usual and ordinary manner, he is under a duty to use requisite care. That duty cannot be delegated.

The work which the respondent had contracted with the city to do rendered necessary some use of the street surface for storage of materials. Permission for such use had been given to it. That carried with it a duty, among other things, to use reasonable care in piling the material on the street. Thirty pieces of steel, ranging from twelve and one-half to sixteen feet long and weighing from 450 to 900 pounds each, piled four feet high in the street, created a condition inherently dangerous to the public unless the work of piling was carefully done. Among the members of the public to whom the duty of care was owing were children playing on the street, since their proclivities as matter of common knowledge might draw them to such objects in the course of play. (*Earl* v. *Crouch*, 57 Hun, 586; 61 Hun, 624; affd., 131 N. Y. 613; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Long* v. *City of Dunkirk*, 260 N. Y. 599; cf. Restatement of the Law of Torts, § 302, subd. m.)

Upon the evidence the case was clearly for the jury, which found the subcontractor lacking in the duty of care to the plaintiff, a member of the public. The same

duty, under the facts, rested primarily and unavoidably upon the respondent. Its liability, vicarious though it may be, necessarily follows.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the verdict reinstated, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.