JULIA SALLAN, Appellant, *v.* BRINDSLEY REALTY Co., INC., Respondent.

First Department, May 1, 1936.

*Ralph D. Elmer* of counsel [*Thomas J. Stapleton* with him on the brief], for the appellant.

*B. G. Barton* of counsel [*Barton & Darling*, attorneys], for the respondent.

O'MALLEY, J.   Plaintiff sought damages for personal injuries by reason of the alleged negligence of the defendant.   Her evidence was sufficient to justify a finding that a marble tread or step had been removed from a flight of stairs leading to the second floor of the defendant's apartment house and the opening caused by such removal left entirely unguarded.   While she was ascending the stairs to call upon a relative, a tenant residing on the second floor, she stepped into the opening and sustained serious injuries. The question of her own contributory negligence was, in the circumstances, for the jury.

The defendant had knowledge that the stairs at the point in question were in the process of repair.   One of its officers knew that a part of the step had chipped off and had authorized one Petrera to do the work necessary to remedy the condition.   He testified that he knew Petrera would be required to take up the marble slab or tread, remove the old plaster of paris from the bottom and from the steel frame upon which it rested, turn the slab over and replace and reset it in the new plaster of paris; that the plaster of paris would have to be dissolved in water and mixed. He testified that the work necessary to be done would require a period of at least fifteen minutes.

Petrera testified that the removal of the step required the use of a hammer and chisel and that the old plaster of paris had to be scraped off.   He admitted that the work required twenty minutes.   Plaintiff's evidence on the other hand tended to show that he was engaged in the work a much longer time.

The defendant's evidence tended to show that the work was at no time left unguarded.   While admitting that the step had

been entirely removed and was standing on end on a lower step and leaning against the wall at the time of the accident, Petrera testified that he was personally working at the opening at the time. He further testified that plaintiff did not step into the opening, but that she met her injuries by falling down the stairs in the excitement and confusion which resulted from a small dog, owned by the plaintiff, accompanying her and her husband at the time, having fallen through the opening. He admitted, however, that the opening was fully exposed at the time of the accident.

The defendant sought to escape liability upon the ground that the negligence, if any, was that of Petrera, an independent contractor. The trial justice in his main charge instructed the jury that if they found that Petrera was an independent contractor and free from the defendant's direction as to any manner in which the work was to be done, the defendant could not be held responsible. At the close of the charge plaintiff's counsel duly excepted to this instruction and requested a charge that if the jury should find " the defendant hired Petrera, and even though they find that Petrera was an independent contractor, that if the defendant knew that the work that was to be done was inherently dangerous, that the defendant could not avoid its responsibility for the negligence of Petrera." The request was denied.

We are of the opinion that the refusal to so charge constituted reversible error. The repairs in question were being made upon a flight of public stairs in an apartment house of five stories occupied by some thirty tenants. These stairs were constantly in use not only by tenants, but by persons, such as the plaintiff, who had occasion to use them as invitees.

In the circumstances we are of opinion that the work being done was of an inherently dangerous character. Of course, if the work which necessitated creating this opening in the stairs was properly done and the opening at all times fully guarded by Petrera, the accident probably would not have occurred. The defendant, however, having full knowledge of the dangerous condition that would be created, could not delegate its duty properly and safely to guard the opening to Petrera, though an independent contractor. The case, it seems to us, comes clearly within the principle of *Hyman* v. *Barrett* (224 N. Y. 436) and the recent decision of the Court of Appeals in *Boylhart* v. *DiMarco & Reimann, Inc.* (270 N. Y. 217).

We are also of the opinion that the trial justice committed error in sustaining objections to questions addressed to the witness Wiess, tending to show that immediately after the accident she had seen Petrera on the ground floor coming from an alleyway

with the slab in his possession. This evidence was competent and material as tending to contradict Petrera who had testified to the effect that he at no time left the stairs or took the slab outside the building and that he was at all times on the stairs near the opening, where it was possible for him to guard it and give warning of danger.

It follows, therefore, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., McAVOY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.