MARY SCHER and SAMUEL SCHER, Appellants, v. THE CITY OF NEW YORK, Respondent.— On appeal by the plaintiffs from a judgment for the defendant after a trial before the court without a jury in an action brought for personal injuries by a wife and for expenses and loss of services by her husband, judgment unanimously affirmed, with costs. It was for the trial court to weigh the evidence and determine credibility in deciding the controverted question as to the depth of a hole in a sidewalk, alleged to have caused the wife to fall and sustain injuries. Furthermore, the credible evidence established beyond question that there was no causal relation between the existence of the hole, whatever its depth or nature, and the fall and consequent injuries. A verdict for the plaintiffs, based upon their testimony as to such causal relation, could not have been permitted to stand. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

CATHERINE SCHMIDT, an Infant, by HAROLD C. SCHMIDT, Her Guardian ad Litem, Respondent, and HAROLD C. SCHMIDT, Plaintiff, v. NEW YORK TELEPHONE COMPANY, Appellant.— The action is for damages for personal injuries sustained by an infant and for loss of services. The trial resulted in a verdict of $750 for the infant and in a verdict for the defendant on the father's cause of action. Defendant alone appeals. There was evidence from which the jury could have found that the defendant placed its trailer on the sidewalk with its shaft or tongue raised and insecurely resting against a telegraph pole; that the defendant permitted the trailer to remain on the sidewalk unguarded; that the infant was not playing on the trailer but was on the sidewalk when the shaft or tongue fell and injured her. Under the circumstances, the jury was justified in concluding that defendant was negligent. (*Boylhart* v. *Di Marco & Reimann, Inc.*, 270 N. Y. 217.) The court's references to the trailer being an attractive nuisance, if error, were harmless, particularly as the court charged that the trailer " in and of itself would not constitute an attractive nuisance." Judgment and order unanimously affirmed, with costs. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.