W. Spencer Wright, Respondent, *v.* Tudor City Twelfth Unit, Inc., and Fred F. French Management Company, Inc., Appellants, Impleaded with Beaver House and Window Cleaning Co., Inc., Defendant.

First Department, May 28, 1937.

*H. H. Brown* of counsel [*E. C. Sherwood*, attorney], for the appellants.

*Joseph A. Nickerson* of counsel [*Stanley D. Brown* and *E. Douglas Hamilton* with him on the brief; *Sackett, Chapman, Brown & Cross*, attorneys], for the respondent.

O'Malley, J. The complaint charged negligence and nuisance. The plaintiff slipped on a rubber mat which, with others, was being washed with powdered soap and water on the sidewalk in front of the Tudor Hotel, owned by the defendant Tudor City Twelfth Unit, Inc., and operated and managed by the defendant

Fred F. French Management Company, Inc. The accident happened on the early morning of December 6, 1931, as plaintiff was on his way home from a midnight show.

The appeal is predicated upon the ground that if any liability was shown it was that of an independent contractor, and not of the defendants. On a former appeal from a judgment dismissing the complaint, we reversed and held that plaintiff's *prima facie* case would justify an inference that the defendants were engaged in the work of washing the mats and that it was incumbent upon the defendants to offer proof to repel this inference (248 App. Div. 213).

We think the defendants upon this trial have succeeded in fully rebutting the inference that they were engaged in the work so as to make them liable either upon the theory of negligence or nuisance.

The proof shows that one Turash, who had been doing business under the name of the Beaver Window Cleaning Company since 1917, was engaged by the defendants to do the window cleaning of the entire building and also the house cleaning on the main floor and basement of the hotel. In the performance of his work, he was accustomed to wash the rubber mats which were used on the steps and in the hallway of the hotel. Turash had been engaged by the defendants on an oral acceptance of his bid for the work and was paid a lump sum monthly. He engaged men for the work who were under the charge of a foreman. The evidence showed that the work of washing the mats was always done between midnight and seven o'clock in the morning.

Turash testified as to instructions he had received from the defendants when they gave him the contract. He was told what was to be done, but he received no other instructions and testified that he himself knew " how it is to be done." He further testified that the work on cold days was always done in the basement, but on warm days it would be done on the sidewalk. The purchasing agent for the defendant management company corroborated Turash with respect to the manner of his being hired on a bid which was orally accepted.

In the circumstances here disclosed, we are of the opinion that the work of cleaning the rubber mats in question was not inherently dangerous and that it was a delegable duty. The evidence clearly shows that the work was being performed by an independent contractor for whose negligence, ordinarily, at least, the defendants would not be liable. (*Hyman* v. *Barrett*, 224 N. Y. 436; *Hexamer* v. *Webb*, 101 id. 377; *Rudger* v. *Mucklon Holding Co., Inc.*, 240 App. Div. 188; *Caldwell* v. *Wildenberg*, 228 id. 557.)

Nor may these appellants be held liable on any theory that they had notice that the work was being done on the public street in front of the premises owned and controlled by them. Certainly no actual notice was shown, nor was there any sufficient evidence to justify a finding of implied notice. It was not shown how many times the work was done on the outside or, that, when being done there, it would come to the attention of the defendants or their employees. That it was not directed to be done on the sidewalk was shown by the fact that it was done on other occasions in the basement of the building. Where it was done, therefore, seems to have been merely a detail of the work. Negligence in performance, therefore, could not impose liability upon these appellants.

It follows, therefore, that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., and CALLAHAN, J., concur; DORE and COHN, JJ., dissent.

COHN, J. (dissenting). I dissent. It clearly appears from the record that the work was being done on a public highway in front of the premises owned and controlled by appellants under circumstances which justified a finding by the jury that at the time the accident occurred the work was inherently dangerous and that it was being performed on the sidewalk in front of appellants' hotel with their knowledge and consent. In these circumstances the appellants were liable with the independent contractor for the injury sustained by plaintiff.

DORE, J., concurs.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.