IsidoRE Weinfeld, Appellant, *v.* Samuel Kaplan et al., Respondents, Impleaded with Others.

Argued January 10, 1940; decided March 12, 1940.

*Meyer D. Siegel* and *Douglas L. Siegel* for appellant. Even in the case of an independent contractor a landlord is not relieved from liability for negligence when the nature of the work is inherently dangerous. (*Sciolaro* v. *Asch,* 198 N. Y. 77; *Wright* v. *Tudor City Twelfth Unit, Inc.,* 276 N. Y. 303; *Besner* v. *Central Trust Co.,* 230 N. Y. 357; *Vaughan* v. *Transit Development Co.,* 222 N. Y. 79; *Maloney* v. *Brady,* 38 N. Y. St. Repr. 803; *Bryant* v. *Carr,* 52 Misc. Rep. 155; *O'Rourke* v. *Feist,* 42 App. Div. 136.) An owner of premises, having undertaken to make repairs, is liable for the negligence of his workmen whether he was legally obligated to make the repairs or not. (*Marks* v. *Nambil Realty Co.,* 218 App. Div. 763; 245 N. Y. 256; *Rosenberg* v. *Zitchik,* 52 Misc. Rep. 153; *Smith* v. *Salop,* 247 App. Div. 766; 272 N. Y. 478.) Both defendants are liable as tort feasors. (*Jerome* v. *N. Y. Rys. Co.,* 190 App. Div. 311; *Haefeli* v. *Woodrich Engineering Co.,* 255 N. Y. 442; *Ward* v. *Hill,* 125 App. Div. 587; *Withers* v. *Brooklyn Real Estate Exchange, Ltd.,* 106 App. Div. 255.)

*James M. Brooks* for John C. von Glahn, respondent. The work to be done by the independent contractor was not inherently dangerous. (*Hexamer* v. *Webb,* 101 N. Y. 377; *Rudger* v. *Mucklon Holding Co.,* 240 App. Div. 188; *Kuhn* v. *Carlin Construction Co.,* 154 Misc. Rep. 892; *Berg* v. *Parsons,* 156 N. Y. 109; *Ahbol* v. *Harden Contracting Co.,* 265 N. Y. 564; *Callan* v. *Pugh,* 54 App. Div. 545; *Herrington* v. *Village of Lansingburgh,* 110 N. Y. 145; *Roemer* v. *Striker,* 142 N. Y. 134; *Engel* v. *Eureka Club,* 137 N. Y. 100.)

*Joseph S. McCann* and *William J. Ahearn* for Samuel Kaplan, respondent.

LOUGHRAN, J. Plaintiff sued for personal injuries alleged to have been caused by negligence on the part of each of the two defendants. At the close of his direct case, motions

by both defendants for dismissal of the complaint were granted. The Appellate Division affirmed and allowed this appeal by the plaintiff. For the sake of convenience, we shall call one defendant the landlord and the other the tenant, though that relationship between them had not yet fully attached at the time in issue.

On February 24, 1936, the landlord agreed to let certain store premises to the tenant for a term to begin on March 1 of that year. By the contract of lease, the landlord undertook to make repairs to the heating plant and the tenant was licensed to do some inside painting for his own purposes.

A contractor engaged by the landlord to put the heating equipment in order was performing that work on February 29, 1936, while the plaintiff was painting the interior of the store for the tenant. At that time — as the stipulated fact is — the landlord " was the person in control of the premises." Employees of the heating-contractor removed the cover from a register in the floor over the hot-air furnace and the plaintiff fell through the unguarded opening and was hurt. For the purposes of this opinion, it is assumed by us that any question of contributory negligence of the plaintiff was for the jury.

(1) The workmen who left the hole in the path of the plaintiff were not servants of the landlord. Their employer was an independent contractor. No uncommon danger was inherent in the nature of the work that was to be done on the heating system for the landlord. The negligence of the servants of the heating-contractor arose casually out of the mere performance of their work and was not directly connected with the landlord's obligation to have that work done. There was no evidence that the landlord knew or ought to have known of the consequent danger. For such " collateral negligence " an employer of an independent contractor is not liable. We think this plaintiff made no case against the landlord. (See *Hyman* v. *Barrett*, 224 N. Y. 436; *Clelland* v. *Lloyd, Ltd.*, [1938] 1 K. B. 272.)

(2) When the register grating was removed, the plaintiff was away from the premises on an errand. In his absence, the tenant came to the premises and saw the hole theretofore made in the floor by the employees of the heating-contractor. Before the plaintiff returned, the tenant had left the premises and was not there when the accident occurred. In those circumstances the plaintiff, we think, had no right to complain of the mere failure of the tenant to warn him against the possibility of a continuance of the condition created by the independent heating-contractor on property controlled by the landlord. (See *Reynolds* v. *Van Beuren*, 155 N. Y. 120; American Law Institute, Restatement of the Law of Torts, Negligence, § 314.)

The judgment should be affirmed, with costs. (282 N. Y. 804.)

LEHMAN, Ch. J., FINCH, SEARS and CONWAY, JJ., concur; RIPPEY and LEWIS, JJ., dissent.

Judgment affirmed.