CATHERINE MAY, Respondent, *v.* 11½ EAST 49TH STREET Co., INC., Appellant.

First Department, May 4, 1945.

*Patrick E. Gibbons* of counsel (*E. C. Sherwood,* attorney), for appellant.

*David Simon* of counsel (*Harry L. Koenig* with him on the brief; *Jack Lassar*, attorney), for respondent.

CALLAHAN, J. Plaintiff occupied an apartment as tenant in premises 11½ East 49th Street, owned by the defendant. She was injured on October 4, 1939, when she slipped and fell on a quantity of fresh shellac found on the floor of her living room. Her apartment was being painted by an independent contractor hired for that purpose by defendant through its managing agents. On the morning of the accident plaintiff admitted the painter who was to varnish or shellac the floors of her bedroom and living room. She left her apartment for about an hour. Upon her departure the painter was painting the bedroom floor. When she returned she entered her living room. She saw the painter standing in that room, but no work appeared to have been started there. The painter was about to move some of the living room furniture. Plaintiff walked toward her bedroom to examine the painting work that had been done there, when she fell and was injured. She found she had slipped on a streak or patch of fresh shellac, which she described as being about two or three feet in length, of narrow width, and about one quarter of an inch in thickness. Whether the shellac had been applied by brush, or had been spilled inadvertently, was not clear. Plaintiff's evidence on this score is open to either construction.

Defendant contended on the trial and still contends that if any negligence caused plaintiff's injuries, it was the negligence of the servants of an independent contractor, entirely collateral in nature, for which defendant is not legally liable. The trial court submitted the case to the jury, charging them that as a matter of law the painter was an employee of an independent contractor. It advised the jury that, while under the law the owner of a building who hires an independent contractor to do work is not ordinarily liable for the negligence of the contractor's servants, there is an exception to that rule in a case where the nature of the work contracted to be done involves the creation of a dangerous condition, and the danger is readily foreseeable from the nature of the work. In the latter situation, said the court, the owner would be liable if the plaintiff, without negligence on her own part, was injured as the proximate result of the negligence of the employee of the contractor. Thus the issues as to inherent danger and negligence were left to the jury as questions of fact.

Defendant excepted to these instructions and unsuccessfully requested the trial court to charge the jury that if the work

was being performed by an independent contractor, the verdict must be for the defendant. The trial court had previously denied a motion to dismiss the complaint on similar grounds.

There was no proof of actual or constructive notice to defendant of any dangerous condition caused by contractor's employee. In fact, no such notice to defendant is claimed.

Defendant-appellant calls our attention to a decision of this court in *Rudger* v. *Mucklon Holding Co., Inc.* (240 App. Div. 188), contending that that case is an express holding that the painting of an apartment house is not work involving inherent danger. It further refers us to the decisions of the Court of Appeals in *Hyman* v. *Barrett* (224 N. Y. 436) and *Weinfeld* v. *Kaplan* (282 N. Y. 348) in which the work involved was said to entail no inherent danger.

Plaintiff-respondent, on the other hand, asserts that this case is more analogous to such cases as *Boylhart* v. *Di Marco & Reimann, Inc.* (270 N. Y. 217) and *Wright* v. *Tudor City Twelfth Unit, Inc.* (276 N. Y. 303) where it was found that there was danger inherent in the work contracted for, and thus the employer of the independent contractor remained liable.

The general rule that an employer of an independent contractor is not liable for the negligence of the latter's servants, is subject to certain well-recognized exceptions, the principal ones being that such liability persists: (1) where the employer of the contractor is under a statutory duty to perform or guard the work, or (2) has assumed a contractual obligation to perform it, or is under a duty to keep the premises safe, or (3) where readily foreseeable danger is inherent in or created by the work assigned to the contractor. There was no claim here of violation of any statute, nor was there any claim that defendant had assumed a contractual obligation to paint the floors. The sole claim was that the work involved inherent danger.

The task presented is, therefore, one of application of a rule of law rather than its definition. We may, however, be aided in that task by a brief review of precedents where the application of such a rule was likewise involved.

Although the question of whether any inherent danger exists in work contracted for may arise under varying circumstances, a review of the authorities discloses that there are two situations in which it most frequently arises. The first is where the work creates a danger to the public by reason of its performance in or adjacent to a highway. The second has to do with work performed for the owner of property wholly within the confines of private premises. The present case is in the latter category.

This case does not involve a situation where there was any obstruction placed in the highway as in *Boylhart* v. *Di Marco & Reimann* (*supra*), nor does it involve the performance of work in a city street, such as the cleaning of mats with soap and water on the sidewalk, as in *Wright* v. *Tudor City Twelfth Unit, Inc.* (*supra*). We do not have a case where the floor of a public hallway in a business building was being waxed, without warning to those invited to use the hall as means of ingress to the building, as in a case recently decided by this court. (*Eisenberg* v. *Kemp, Inc.*, 256 App. Div. 698.)

Here the work involved consisted of the doing of decorative work within a leased apartment, including the varnishing of the floors of certain rooms therein.

As was said in *Matter of Beach* v. *Velzy* (238 N. Y. 100, 105): "Owners of apartment houses and other owners of residence property must at times call in painters, carpenters, masons, plumbers and other skilled workmen to work. Such work is ordinarily done by the job. * * *."

We deem that the present work came within the category of work that is not intrinsically dangerous if carefully performed.

As was said in *Engel* v. *Eureka Club* (137 N. Y. 100, 104), in enumerating the exceptions to the rule with respect to a property owner's nonliability for work done by an independent contractor: "There are cases of still another class where the thing contracted to be done is necessarily attended with danger, however skillfully and carefully performed, or, in the language of Judge DILLON, is 'intrinsically dangerous,' in which case it is held that the party who lets the contract to do the act, cannot thereby escape from responsibility for any injury resulting from its execution, although the act to be performed may be lawful (2 Dillon on Mun. Corp. § 1029, and cases cited). But if the act to be done may be safely done in the exercise of due care, although in the absence of such care injurious consequences to third persons would be likely to result, then the contractor alone is liable, provided it was his duty under the contract to exercise such care. * * *."

In *Hyman* v. *Barrett* (224 N. Y. 436, *supra*) work involving extensive alterations was being carried on in and about a tenement house. Defendant, lessee of the whole premises, had agreed with the owner to do this work. In the performance of that agreement he had hired a contractor to erect certain water pipes adjacent to a building in which the plaintiff (Hyman) resided as a tenant. Plaintiff, while passing through a yard between a rear building in which she lived and the front of the premises, was

struck by a board or plank which servants of the contractor had allowed to fall as they were removing the plank to permit them to carry on their work. As in the case at bar, there was no proof that the work was required to be done under any contract obligation of defendant-landlord to plaintiff-tenant, nor proof of breach of duty as to safe condition of the premises. The Court of Appeals in an opinion by CARDOZO, J., reviewing the principles relating to nonliability of owners for injuries to third persons caused by the acts of an independent contractor and the exceptions to that rule, held that the work there contracted for involved no inherent danger.

In *Weinfeld* v. *Kaplan* (282 N. Y. *supra,* 350) the landlord agreed to let a certain store to a tenant and to make repairs therein. The tenant was also permitted to enter to make other repairs. Plaintiff, an employee of the tenant, was injured when an employee of a heating contractor, who had been hired by the landlord to repair the heating plant, removed a cover from a register in the floor over the hot-air furnace, and plaintiff fell into the hole. The court held that the landlord was not liable, saying: " * * * The workmen who left the hole in the path of the plaintiff were not servants of the landlord. Their employer was an independent contractor. No uncommon danger was inherent in the nature of the work that was to be done on the heating system for the landlord. The negligence of the servants of the heating-contractor arose casually out of the mere performance of their work and was not directly connected with the landlord's obligation to have that work done. There was no evidence that the landlord knew or ought to have known of the consequent danger. For such ' collateral negligence ' an employer of an independent contractor is not liable. We think this plaintiff made no case against the landlord. * * * ."

In *English* v. *Merroads Realty Corp.* (288 N. Y. 93) the defendant-owner hired a contractor to fill a tank holding fuel oil used for heating the building. The contractor permitted the oil to spill out on the cellar floor in such a quantity that it reached the oil burner, causing a fire resulting in injury to plaintiff. The court said that such a danger was not inherent in the work of filling the tank, and the landlord was not liable.

Earlier cases in our Court of Appeals, though involving danger created in the highway, give apt illustrations of the rule as to what constitutes inherent danger.

In *Storrs* v. *The City of Utica* (17 N. Y. 104), at page 109, the Court of Appeals said: " * * * The performance of the

work necessarily renders the street unsafe for night travel. This is a result which does not at all depend on the care or negligence of the laborers employed by the contractor. The danger arises from the very nature of the improvement, and if it can be averted only by special precautions such as placing guards or lighting the street, the corporation which has authorized the work is plainly bound to take those precautions. * * *.''

In *Herrington* v. *Village of Lansingburgh* (110 N. Y. 145, 148–149) a municipal corporation entered into a contract for the construction of a sewer in a city street. The work to be done required blasting of rock. The contractor set off a blast which frightened a team of horses standing nearby, and plaintiff was injured while trying to control the team. The court held that only the contractor was liable, saying: '' If there was any culpable carelessness which caused the injury to the plaintiff, it was that of the contractors. They had entire control of the work and the manner of its performance. * * * If it was a prudent thing to notify persons in the vicinity of the blast before it was fired, then the contractors should have given the notice; but the duty to give it did not devolve upon the village. * * *''

Perhaps the most apt illustration of all as to the distinction between inherent danger and negligence in performance of the work may be afforded by a further reference to *Hyman* v. *Barrett* (224 N. Y., *supra,* 436) where Judge CARDOZO said: '' * * * One who opens an excavation in the highway is liable in damages if the contractor fails to guard it [citing cases]. He is not liable if the contractor leaves a pickaxe in the road [citing cases], or negligently fires a blast [citing cases].''

Negligence in performance of the operative details of the work, as distinguished from negligence based on danger created by the nature of the work itself, is sometimes referred to as '' collateral '' negligence. Collateral in its dictionary sense at times means '' attendant '' or '' secondary,'' '' occurring as a subordinate phenomenon or event ''. (Standard Dictionary [1943 ed.]; the Oxford Dictionary [1893 ed.].) For such '' collateral '' negligence only the independent contractor is liable.

*Downey* v. *Low* (22 App. Div. 460, 463) is frequently cited as an authority defining collateral negligence. In that case plaintiff was injured in falling down an open coal chute in the sidewalk in front of defendant's building. The chute was left open and unguarded by the servants of an independent contractor hired to remove ashes. The court held that the defendant-

owner was liable for failing to guard the opening, saying: " * * * Therefore, for any failure to properly guard or secure the coal chute the defendant was liable; while for other negligent acts of the contractor during the work he might not have been liable."

Proceeding to define collateral negligence, Mr. Justice CULLEN, who wrote the opinion in the *Downey* case, quoted from *Water Company* v. *Ware* (16 Wall. [U. S.] 566, 576) as follows: " ' Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party.' * * *.' "

We think that these cases illustrate the difference between work which in and of itself creates an intrinsic or inherent danger, however carefully performed, and a situation in which the lack of care is collateral, in that it arises out of or in the performance of the work.

We have had occasion to apply this distinction in several cases recently decided by this court involving alterations of, or repairs to, private property.

In *Caldwell* v. *Wildenberg* (228 App. Div. 557) plaintiff, a tenant in an apartment house, was injured when she fell over a sink negligently left standing on the floor of the apartment by an employee of a plumber, an independent contractor hired by the landlord to replace the existing sinks with newer ones. We held that the danger was not inherent in the work and that only the contractor was liable.

In *Rudger* v. *Mucklon Holding Co., Inc.* (240 App. Div. 188, *supra*) a tenant in an apartment house was injured when she fell upon paint which had been spilled upon a stairway in the public halls by an employee of an independent contractor hired to paint the premises. We held that the work contracted for involved no inherent danger and that the landlord was not liable.

In *Kagan* v. *Avallone* (243 App. Div. 437, 439) the work involved consisted in the painting of the chimney of a school building. The employee of an independent contractor allowed a ladder, used in the work, to fall into the school yard killing a child. We held that only the contractor was liable. Mr. Justice UNTERMYER for this court stated: " * * * This was work

which manifestly would have involved no extraordinary hazard if it had been performed with ordinary care.   *   *   *."

It is our view that, upon the facts in the present case (which, it is important to remember, does not involve an accident caused by any condition of disrepair of the premises, or breach of a duty to keep the premises in a safe condition, but where, at most, there was carelessness on the part of the painter in the operative details of the work of decorating the premises, i.e., in the manner in which he applied shellac, or because he spilled it on the floor, or in failing to warn the plaintiff that he had commenced work in the living room) any such negligence arose casually out of the performance or in the progress of the work, and thus was " collateral " negligence for which the employer of an independent contractor would not be liable.   To impose such liability herein would make " the landlord's burden heavy beyond prece· dent." (*Hyman* v. *Barrett*, 224 N. Y. 436, 437, *supra*.)

We, therefore, find that, at least upon the theory on which the issues herein were submitted to the jury, a recovery by plaintiff was unwarranted.

Because of the absence of any proof as to whether the defendant had breached any contractual obligation to paint the premises or any duty to keep it in repair, and because liability for breach of such a contractual duty (which might be nondelegable in nature) was not tried or submitted in this case, we need not pass on the question as to whether liability might have been successfully asserted on such theory. (See *Sciolaro* v. *Asch*, 198 N. Y. 77; *Blumenthal* v. *Prescott*, 70 App. Div. 560; *O'Rourke* v. *Feist*, 42 App. Div. 136; *Paltey* v. *Egan*, 200 N. Y. 83.) It is sufficient that we hold that, on the theory upon which the case was tried, defendant was not liable.

Though, of course, a landlord who acts as a volunteer in undertaking to make repairs is liable nonetheless for his negligence in making them (*Marks* v. *Nambil Realty Co., Inc.*, 245 N. Y. 256), this rule has no relation to liability for the work of an independent contractor.

The judgment should be reversed, with costs, and the complaint dismissed on the merits, with costs.

MARTIN, P. J., UNTERMYER and COHN, JJ., concur; DORE, J., dissents and votes to affirm.

Judgment reversed, with costs, and the complaint dismissed on the merits, with costs.