■ HEWLETT ARCADE, INC., Respondent, v. FIVE TOWNS REFRIGERATION CORP., Respondent, and EUGENE J. BRANDT & CO., INC., Appellant.— Action in the County Court, Nassau County, by the owner of a building to recover damages for injuries to the building, alleged to have been caused by the explosion of an oil burner therein, against Eugene J. Brandt & Co., Inc., which had contracted with the owner to service the oil burning equipment in the building, and Five Towns Refrigeration Corp., which had been employed by Brandt to service said equipment. Brandt served a cross complaint on Five Towns for judgment over. The jury rendered a verdict in favor of the owner, Hewlett Arcade, Inc., against Brandt, in favor of Five Towns against Hewlett, and in favor of Five Towns against Brandt on its cross complaint.

Brandt appeals from the judgment entered thereon. Appeal from judgment insofar as it is in favor of respondent Five Towns against respondent Hewlett dismissed, without costs. As to such portion of the judgment, Brandt has no right to appeal (*Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124; *Leider* v. *Gramatan Associates*, 272 App. Div. 947). Consequently, in the absence of an appeal by Hewlett from such portion, we have no alternative but to allow it to stand. Judgment, insofar as it is in favor of respondent Hewlett against appellant, Brandt, and insofar as it is in favor of respondent Five Towns against appellant, reversed and a new trial ordered between respondent Hewlett and appellant on the complaint, and between appellant and respondent Five Towns on the cross complaint, with costs to abide the event. The trial court instructed the jury that they might find liability against either appellant or respondent Five Towns, or against both of them. Under the circumstances here such charge was erroneous. The resulting exoneration from liability of respondent Five Towns is inconsistent with the resulting imposition of liability upon its codefendant, the appellant herein. If the repair work was improperly performed, the ultimate and primary responsibility was obviously that of respondent Five Towns, which actually did the work under its contract with appellant, and appellant's liability was secondary or derivative (cf. *Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228). However, that question was not preserved for review since there was no exception to the charge, which consequently became the law of the case. The trial court did charge, however, that in order to recover against appellant, respondent Hewlett was required to prove a failure on appellant's part to use the care required by law, or to do what a reasonably prudent person would do under the circumstances. Such a finding, implicit in the verdict, has no support in the evidence. If appellant is liable to respondent Hewlett, it may only be so held on the theory that it had assumed, by its contract with that respondent, a personal and nondelegable duty to service and keep in repair the oil burner, which duty could not be discharged by delegating it to an independent contractor. (See *May* v. *11½ East 49th St. Co.*, 269 App. Div. 180, 182; *Blumenthal* v. *Prescott*, 70 App. Div. 560; *Paltey* v. *Egan*, 200 N. Y. 83, 91.) No such theory of liability was submitted to the jury. The new trial is ordered for the purpose of determining appellant's liability to respondent Hewlett under the contract between them, and for the purpose of determining the liability of respondent Five Towns to appellant under the contract between them, in the event that appellant be held liable to respondent Hewlett. For the purposes of the new trial only, all findings of fact implicit in the jury's verdict are reversed. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.