■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL CONFORTI, Appellant.— Motion for reargument denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. [See 285 App. Div. 973, 4 A D 2d 681.]

■ THOMAS VAN RIPER, Respondent, v. PATRICK J. MURPHY et al., Appellants.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ BENJAMIN GITTLEMAN, Respondent, v. CITY OF NEW YORK, Defendant, and TULLY & DI NAPOLI, INC., et al., Appellants.— Action by a pedestrian against the City of New York, Consolidated Edison Co. of New York and Tully & Di Napoli, Inc., to recover damages for personal injuries received when ne fell over an obstruction on a sidewalk. Consolidated Edison and its contractor, Tully & Di Napoli, were engaged in work adjacent to the place where the accident occurred. Cross complaints for judgment over were served by the city against Consolidated Edison and Tully & Di Napoli, and by Consolidated Edison against Tully & Di Napoli. During the trial the action was discontinued against the city and its cross complaint was dismissed. After trial before the court without a jury judgment was directed for $5,000 in favor of the pedestrian against Consolidated Edison and Tully & Di Napoli, and Consolidated Edison's cross complaint was dismissed. Consolidated Edison appeals from so much of the judgment entered thereon as is in favor of respondent against it, and insofar as its cross complaint was dismissed. Tully & Di Napoli appeal from so much of said judgment as is in favor of respondent against it. Judgment modified on the law and the facts by striking from the first decretal paragraph the provision for judgment in favor of respondent against appellant Consolidated Edison and by substituting therefor a provision dismissing the complaint as against it. As so modified, judgment insofar as appealed from unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. The contract between the appellants placed upon appellant Tully & Di Napoli the responsibility for protecting pedestrians properly using the sidewalk, and for storing and safeguarding the building materials, over which respondent tripped. The record does not support the finding that appellant Consolidated Edison knew that the materials had been improperly stored. The negligence was, therefore, attributable to appellant Tully & Di Napoli only, as an independent contractor. For such negligence, under the circumstances presented, appellant Consolidated Edison, as a principal, should not be held responsible (*Hyman* v. *Barrett*, 224 N. Y. 436; *Lockowitz* v. *Melnyk*, 1 A D 2d 138). Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.