■ MICHAEL A. SCHIFF, an Infant, by DAVID SCHIFF, His Guardian ad Litem, et al., Appellants, v. JOHN ARBORIO, INC., Respondent.— Appeal from a judgment of nonsuit, Supreme Court, Sullivan County. In the course of constructing an access road in Liberty to the Monticello By-Pass the defendant piled rocks in an area about 20 feet around and four or five feet high, partly on the unfinished right of way of the access road and partially on Washington Street. Plaintiff Michael Allen Schiff, then four years old, and in the charge of his seven-year-old sister, climbed to the top of the rocks and fell. There was no proof that the rocks gave way or created any danger, other than the chance of falling, to a child who climbed up them. No need to climb this pile of rocks with all the surrounding space open to walk in has been demonstrated. The inferential argument pursued by appellants that the pile of rocks barred or interfered with the progress of the children in the roadway is without substance. The photographs and other proof offered by appellants make it clear it would be easy to walk around the pile of rocks. Cases in which a liability has been spelled out in the use of public thoroughfares have depended on some obvious

or reasonably foreseeable special danger in the instrument of injury, as in the falling bag of pebbles (*Schwartz* v. *Merola Bros. Constr. Corp.*, 290 N. Y. 145); the protruding sharp wire (*Mysliwiec* v. *Lowenthal*, 280 App. Div. 852); the rolling beams (*Boylhart* v. *Di Marco & Reimann*, 270 N. Y. 217); or the rail which slipped (*Ramsey* v. *National Contr. Co.*, 49 App. Div. 11). No case which has been cited has gone as far as the liability sought to be imposed here (cf. *Licata* v. *City of New York*, 249 App. Div. 848). If the additional point made by respondent that the proof was insufficient because the girl witness, then aged 10, was not sworn, were the only ground to affirm the judgment of nonsuit, we would remit to take her sworn testimony. For the purpose of reaching the merits, we treat her testimony as properly in the record. Judgment unanimously affirmed, without costs.