■ EMANUEL DEUTSCH, Doing Business as UNITY SANITARY SUPPLY CO., Respondent, v. NATIONAL PROPERTIES, INC., et al., Defendants, and I. B. MILLER FOUNDATION CO., INC., et al., Appellants.— Determination of the Appellate Term affirming judgment of the City Court, unanimously modified to the extent of dismissing the complaint, upon the law and the facts, as to the defendant-appellant, 125 Maiden Lane Building Company and remanding to the Civil Court for an assessment of damages against the remaining defendants-appellants, without costs. Plaintiff failed to establish a cause of action against the owner, 125 Maiden Lane Building Company, and its motion to dismiss at the close of plaintiff's case should have been granted. (*Hyman* v. *Barrett*, 224 N. Y. 436; *May* v. *11½ East 49th St. Co.*, 269 App. Div. 180, 185, affd. 296 N. Y. 599; *Lockowitz* v. *Melnyk*, 1 A D 2d 138, 140.) The trial court awarded plaintiff $4,639.50 for property damage. The proof thereof is highly unsatisfactory. There was received in evidence an exhibit which purported to list in detail the damaged merchandise. Plaintiff testified that substantially all of this merchandise had sustained water damage that made it unsalable but conceded that at the time of the trial (more than two years after the flooding) only a portion had been discarded. We are unable to determine from the proof the extent of plaintiff's damage but conclude that the award to him of the total amount of his claimed damage is against the weight of the evidence. " The measure of damages is not the retail selling price but replacement cost and any damages actually sustained by reason of the absence of the articles while in the process of replacement. If the personal property is totally destroyed the market value at the time and place of their destruction should be shown. If the property is only damaged the difference in value immediately before and immediately after the injury should be shown." (*Dubiner's Bootery* v. *General Outdoor Adv. Co.*, 10 A D 2d 923.) A new trial of this separable issue of damages in this nonjury case is authorized. (CPLR, rule 4404, subd. [a]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.34; see, also, *Crawford* v. *Town of Hamburg*, 19 A D 2d 100, 104.) Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.