Charlie Charles, Respondent,
against
Maxine Boland, Appellant.




Maxine Boland, appellant pro se.
Charlie Charles, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered April 11, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $7,612.




ORDERED that the judgment is reversed, without costs, and the complaint is dismissed.
In this action, plaintiff, who was self-represented, seeks to recover the principal sum of $7,612 for his personal property that was allegedly lost when he was wrongfully evicted from his apartment. At a nonjury trial, plaintiff offered what apparently were receipts for the replacement cost of the items allegedly lost. Following the trial, the Civil Court found for plaintiff, awarding him the principal sum of $7,612. Defendant appeals, and we reverse.
To establish damages for the loss of personal property, there must be some testimony as to the property's value by the owner or someone "familiar with [the property's] quality and condition" (Korn v American Airlines, Inv., 11 Misc 3d 87, 88-89 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]), such as "its original cost, age and condition at the time of the [loss]" (Slepoy v Kliger, 26 Misc 3d 126[A], 2009 NY Slip Op 52603[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see Lake v Dye, 232 NY 209, 214 [1921]; Henderson v Holley, 112 AD2d 190 [1985]). Here, the award in the sum of $7,612 was not based on the value of the allegedly lost items immediately before the loss, but was instead apparently determined solely on the basis of purchase receipts for new items (see Lozinsky v Michael Neubauer Servicenter, 259 AD2d 673 [1999]; Jaklitsch v Finnerty, 96 AD2d 690 [1983]; Deutsch v National Props., 19 AD2d 823 [1963]). Consequently, plaintiff failed to establish his damages.
In view of the foregoing, we do not reach the issue of liability.
Accordingly, the judgment is reversed and the complaint is dismissed.
WESTON, J.P., PESCE and SOLOMON, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 03, 2017